JUANITA F. ARDAVANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ardavany v. Commissioner
Docket No. 9268-77.
United States Tax Court
T.C. Memo 1979-127; 1979 Tax Ct. Memo LEXIS 404; 38 T.C.M. (CCH) 569; T.C.M. (RIA) 79127; April 4, 1979, Filed Juanita F. Ardavany, pro se. Arthur A. Oshiro, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $349 in petitioner's Federal income tax for the year 1974. Certain adjustments have been conceded by the petitioner. The only issue presented for decision is whether the petitioner, an instructor of business subjects at a community college, is entitled to deduct her expenses for attending law school as ordinary and necessary business expenses under section 162(a), [1] Internal Revenue Code. *405 All of the facts are stipulated and are found accordingly. The pertinent facts are summarized below. Juanita F. Ardavany (petitioner) was a legal resident of Los Angeles, California, when she filed her petition in this case. Petitioner filed her Federal income tax return for 1974 with the Internal Revenue Service center at Fresno, California. On the return she claimed a deduction for the following education expenses: Item
Southwestern Bookstore $ 88.00
Supplies
53.00
Books
297.00
Tuition
1,425.00
Automobile Expenses
720.00
Parking Fees
80.00
Total
$2,663.00
Respondent agrees that the petitioner has substantiated the payment of these expenses. Petitioner was employed as a community college instructor of business subjects by the Community College District of the city of Los Angeles (hereinafter referred to as the District). Petitioner was first employed by the District in 1965 and has been so employed until the present. She was assigned to teach at Southwest Community College. In order to obtain her teaching position, petitioner had received both a bachelor's and master's degree in business education and obtained her teaching credentials *406 as required by California law. At Southwest Community College the petitioner was first assigned to teach courses in the Secretarial Sciences Division. However, due to decreasing student enrollment and demand for secretarial courses, the number of teachers employed on a full-time basis by the Secretarial Sciences Division decreased from 6 to 3 1/2 teachers. Since there was an increase in student demand for courses offered by the Business Department, Southwest Community College split the petitioner's teaching time in half and assigned her to spend half of her time teaching courses offered by the Business Department and the other half of her time teaching secretarial courses. This action was taken by Southwest Community College so that it could retain the petitioner as an employee. The college's Business Department already had a sufficient number of teachers for business courses other than business law courses. These teachers were more qualified than the petitioner to teach the business courses being taught by the petitioner. Petitioner was informed that Southwest Community College was interested in obtaining an instructor for their business law courses who had a law school *407 education. She already satisfied the minimum qualifications to teach business law courses, as set forth by the District, since she had taken six units of undergraduate courses in business law. However, Southwest Community College decided to require its business law instructor to have a more comprehensive legal background instead of a minimal legal background. Petitioner was informed by Mary Jo Reid, chairperson of the Business Department and the Secretarial Sciences Division, that she should obtain a law school education. Ms. Reid encouraged the petitioner to go to law school because she would have been released from her employment by Southwest Community College in view of the fact that her teaching services as an instructor in the Business Department and the Secretarial Sciences Division would not have been needed in the near future. Petitioner was required to enroll in a law school that was accredited by the American Bar Association in order to have her Juris Doctorate degree recognized by the District for the purposes of increasing her salary in accordance with the District's salary schedule and to elevate her professional status to that of a full professor from her than *408 current status of being an associate professor. Petitioner was authorized by the District to take sabbatical leave in order to attend Southwestern University School of Law. Upon completion of her law school education the petitioner was to have returned to Southwest Community College to teach business law courses offered by the Business Department on a fulltime basis as well as to develop new business law courses. However, prior to the commencement of her sabbatical leave, and while she was teaching at Southwest Community College, the petitioner was assaulted physically by a student. She suffered severe physical and mental harm as a result of the attack. Consequently, the petitioner was placed on a leave of absence. In order to insure her safety, the District reassigned the petitioner to teach at Los Angeles Valley Community College. Consequently, the petitioner enrolled as a parttime student at Southwestern University of Law for the fall semester of 1973 commencing in September. She graduated from Southwestern and received her law degree in December 1976. During the time that she attended Southwestern the petitioner was an employee of the District. Southwestern University *409 School of Law is accredited by the American Bar Association. Its graduates are entitled to take the California Bar Examination. In February 1977, the petitioner passed the California Bar Examination on her first attempt. She is now licensed to practice law in California. Her purpose in taking the California Bar Examination was to prove her competence as a business law teacher and to upgrade her qualifications as a business law teacher with respect to improving her chances of being retained as a business law teacher at the community college to which she was assigned. Petitioner is assigned at the present time to Los Angeles Valley Community College as a teacher of business, accounting, and business law courses. Petitioner's law school degree is recognized by the District as a doctorate degree for purposes of determining her salary. After receiving her law school degree, the petitioner received an increase in her salary of $50 per month. Respondent concedes that the petitioner's law school education improved her skills as a teacher of business law courses at the community college level. In his notice of deficiency dated June 1, 1977, respondent disallowed the claimed *410 education expenses of $2,663 on the ground that they did not constitute ordinary and necessary business expenses. Section 162(a) allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Under section 1.162-5, Income Tax Regs., [2] educational expenses which meet certain objective criteria are considered deductible business expenses. In order to be deductible as a business expense, education which is not undertaken to meet the express requirements of a taxpayer's employer must be shown to maintain or improve the skills required by the individual in his employment or other trade or business. However, under the provision of section 1.162-5(b)(3), Income Tax Regs., even though education does meet the express requirements of the taxpayer's employer or does improve the skills of a taxpayer in his employment or other trade or business, the expenses are not deductible if they are for education which is part of a program of study leading to qualifying the taxpayer in a new trade or business. *411 Petitioner contends that she was required by her employer to obtain a law degree in order to be retained on the teaching staff as a business law teacher. Petitioner also maintains, and respondent concedes, that a law degree serves to maintain and improve her skills as a business law teacher. Finally, petitioner asserts that since she did not take the law degree with any intent to practice law, she is not subject to the limitations enumerated in section 1.162-5(b)(3), Income Tax Regs.[3]
Respondent, on the other hand, argues that petitioner's attendance at law school qualifies her for a new trade or business and that her intent in pursuing the education in question is not relevant. We agree with respondent. Petitioner's intent in attending law school is not relevant under the regulations. [4]Burnstein v. Commissioner,66 T.C. 492, 495 (1976); O'Donnell v. Commissioner,62 T.C. 781, 783 (1974), affd. without published opinion, 519 F.2d 1406 (7th Cir. 1975); Bodley v. Commissioner,56 T.C. 1357, 1360 (1971). *412 Section 1.162-5(b)(3)(ii), Example (2), Income Tax Regs., illustrates the application of the objective standards denominated in the regulation. In the example an employee is required by his employer to attend law school but intends to continue his employment with his employer upon completing law school. The example holds that such expenses are nondeductible since the law degree qualifies the employee for a new trade or business. This example has been cited with approval by this Court. O'Donnell v. Commissioner,supra at 783; *413 Taubman v. Commissioner,60 T.C. 814, 818 (1973); Bodley v. Commissioner,supra at 1360-61. In this case the petitioner by attending law school has clearly qualified for a new trade or business apart from her employment in the nonlegal field of teaching business courses. On previous occasions we have considered other situations of taxpayers who, as a means to maintain or improve skills in their respective professions, attended law school. E.g., O'Donnell v. Commissioner,supra, (accountant); Weiler v. Commissioner,54 T.C. 398 (1970), (internal revenue agent). In both of those cases we held that the educational expenses were nondeductible. The fact that the taxpayers in those cases did not practice law or did not intend to practice law was deemed irrelevant. Accordingly, we hold that the petitioner's educational expenses are not deductible under section 162, but are nondeductible personal expenditures under section 262. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.↩
2. SEC. 1.162-5 Expenses for Education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even thugh the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregrate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. * * * (ii) The minimum educational requirements for qualification of a particular individual in a position in an educational institution is the minimum level of education (in terms of aggregate college hours or degree) which under the applicable laws or regulations, in effect at the time this individual is first employed in such position, is normally required of an individual initially being employed in such a position. * * *
(3) Qualification for new trade or business.↩ (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *
3. Petitioner was granted an extension of time to file her brief from January 5, 1979 to February 13, 1979. No brief has been filed by petitioner.↩
4. This regulation has been consistently approved and used by the courts in deciding whether educational expenses are deductible. See Davis v. Commissioner,65 T.C. 1014, 1017 (1976); O'Donnell v. Commissioner,62 T.C. 781, 783 (1974), affd. without published opinion 519 F.2d 1406 (7th Cir. 1975); Bodley v. Commissioner,56 T.C. 1357, 1361 (1971); Jungreis v. Commissioner,55 T.C. 581, 588 n. 6 (1970); Weiler v. Commissioner,54 T.C. 398, 402 (1970); Weiszmann v. Commissioner,52 T.C. 1106, 1111-1112 (1969), affd. per curiam 443 F.2d 29↩ (9th Cir. 1971).