DAVID N. BODLEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5993–70SC. Filed September 23, 1971.

David N. Bodley, pro se.
*Bobby S. Tyler,* for the respondent.

FEATHERSTON, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for 1968 in the amount of $559.98. Concessions having been made, the only issue for decision is whether the expenses incurred by petitioner during 1968 in attending law school, while employed as a schoolteacher, are deductible as ordinary and necessary business expenses under section 162(a).[1]

FINDINGS OF FACT

David N. Bodley (hereinafter referred to as petitioner) was a legal resident of Cincinnati, Ohio, at the time his petition was filed. He filed his Federal income tax return for 1968 with the district director of internal revenue, Cincinnati, Ohio.

Petitioner was graduated from the University of Cincinnati in June 1966 with a bachelor's degree in vocational education in the field of electronics. He obtained a teaching certificate reflecting that he was

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.

qualified to teach vocational classes in any school in Ohio for a period of 4 years from September 1, 1966, with the authorized subject or field specified as "Electronic Tech." In September 1966, he accepted employment on a contract basis with the Board of Education, Cincinnati Public Schools, as a teacher of electronics at Courter Technical High School (hereinafter Courter Tech). He continued to teach there until November 20, 1969.

In addition to teaching courses in the physical and mechanical-technical skills of the electronics industry, petitioner counseled his students concerning their business relationships with employers, employment contracts and negotiations, employment interviewing procedures, and personal problems.

In September 1966, petitioner enrolled as a night law student at Salmon P. Chase College of Law (hereinafter Chase Law) in Cincinnati. His course of study led to a juris doctor degree. Petitioner carried a full credit course each semester from the time he enrolled in law school until he was graduated in June 1970.

On November 7, 1966, petitioner filed, with the Supreme Court of Ohio, an application for registration as a law student. In response to a question on the application requesting a paragraph concerning "your reasons for desiring to be an attorney at law," petitioner replied: "My reasons for enrolling in law school are many, but may be summarized by a desire to become a better person, and professional ambition to be a judge in the court system of Ohio."

During the spring, summer, and fall semesters of 1968 petitioner took the following courses: Procedure I, Property II, Business Associations II, Federal Taxation I, Patent Law, Insurance, Negotiable Instruments, Wills, and Evidence.

At no time was petitioner required by the Board of Education, Cincinnati Public Schools, to obtain a juris doctor degree. However, the degree was classified as a doctoral degree for the purposes of the teacher salary schedule, and the credit hours which he earned in law school entitled him to salary increases.

In November 1969, petitioner, because of a general dissatisfaction with his teaching situation at Courter Tech, terminated his employment with the Board of Education, Cincinnati Public Schools, and accepted a position as constable for the Hamilton County, Ohio, Court of Common Pleas. His duties as constable included performing legal research, attending court sessions, and performing such services as were required by the presiding judge.

Petitioner has not taught school since resigning from Courter Tech. In July 1970, he took the Ohio State bar examination but did not pass. On March 2, 3, and 4, 1971, he again took the Ohio State bar examination, but had not been advised of the results as of the date of the trial of this case.

In his Federal income tax return for 1968, petitioner deducted claimed education expenses in the amount of $1,112. In this connection, the stipulation of facts recites:

The educational expenses of $1,112.00 which were claimed as a deduction on the petitioner's Federal income tax return for the taxable year 1968 were incurred by reason of the petitioner taking law courses at the Salmon P. Chase College of Law, Cincinnati, Ohio. The petitioner has submitted a signed statement attached hereto as Exhibit 2 which reveals that the petitioner expended $1,196.00 for tuition, fees, books and supplies in 1968 in connection with his legal education, instead of the $1,112.00 amount claimed on his 1968 return; however, the petitioner was only able to present substantiating data in the amount of $903.19.

In his notice of deficiency, respondent disallowed the education expense deduction in its entirety.

OPINION

We are again presented with the question of whether an individual's expenditures incurred in attending law school are deductible. We have previously pointed out that the Code does not deal specifically with the deductibility of educational expenses; however, section 162(a) provides generally that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," and section 262 denies deductions for "personal" expenses. Because of the absence of a specific statutory provision on the subject, the regulations synthesizing sections 162(a) and 262 in relation to educational expenses take on added significance. *Burke W. Bradley, Jr.*, 54 T.C. 216 (1970).[2]

These regulations[3] lay down the general rule that educational ex-

---

[2] Since the tax year here in question is 1968, the current regulations issued in 1967 rather than the 1958 version are applicable, and petitioner is not entitled to the election accorded taxpayers for the years immediately prior to 1968. See, e.g., *Burke W. Bradley, Jr.*, 54 T.C. 216 (1970), and *Ronald F. Weiszmann*, 52 T.C. 1106 (1969), affirmed per curiam 443 F. 2d 29 (C.A. 9, 1971).

[3] Income Tax Regs.:

Sec. 1.162–5 Expenses for education.

(a) *General rule.*—Expenditures made by an individual for education * * * which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1). Maintains or improves skills required by the individual in his employment or other trade or business, * * *

\* \* \* \* \* \* \*

(b) *Nondeductible educational expenditures*—(1) *In general.* Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business * * *

\* \* \* \* \* \* \*

(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *

penses are deductible if the education maintains or improves skills required by the individual in his employment or other trade or business or meets the express requirements of his employer. Sec. 1.162–5(a), Income Tax Regs. However, this general rule applies only if the expenditures do not fall within specified nondeductible categories. The category with which we are here concerned is "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." Sec. 1.162–5(b)(3)(i), Income Tax Regs. Such outlays are nondeductible "personal expenditures or constitute an inseparable aggregate of personal and capital expenditures." Sec. 1.162–5 (b)(1), Income Tax Regs.

The standards laid down by these regulations are objective ones. Under those standards, if a taxpayer is pursuing a course of educational study which will qualify him for a new trade or business, his expenditures therefor are not deductible even though his studies are required by his employer and he does not intend to enter the new field of endeavor. An example in the regulations deals specifically with a situation where a taxpayer's employer requires him to obtain a law degree and the taxpayer intends to continue practicing his nonlegal profession. It specifies that, in these circumstances, "the expenditures made by * * * [the taxpayer] in attending law school are not deductible since this course of study qualifies him for a new trade or business." Sec. 1.162–5(b)(3)(ii), ex. (2), Income Tax Regs.

The facts in petitioner's case fall squarely within the provisions of these regulations. The education which he was pursuing was part of a program designed to qualify him for a new profession. His situation is not unlike that in *Jeffry L. Weiler*, 54 T.C. 398 (1970), where an Internal Revenue agent's claim to a deduction for law school expenses was denied even though he disavowed an intention to enter the legal profession. The Court stated (p. 402):

While it is true, that petitioner may never leave the IRS, or may rejoin a public accounting firm, or even become a tax attorney, he nevertheless is qualifying himself as a lawyer, a trade or business separate and distinct from that in which he is now engaged and his educational expenses are nondeductible. * * *

See also *Ronald F. Weiszmann*, 52 T.C. 1106 (1969), affirmed per curiam 443 F. 2d 29 (C.A. 9, 1971); *Burke W. Bradley, Jr., supra*.

Petitioner's main contention is that he undertook the study of law in order to increase his salary as a teacher and did not intend at that time to leave the teaching profession. In support of this argument he has shown that, under the salary schedule issued by Courter Tech, he became entitled to salary increases upon the completion of specified numbers of credit hours of graduate study and that a juris doctor de-

gree would have qualified him for the maximum salary schedule. The salary increases are evidently allowed by Courter Tech on the theory that graduate study improves a teacher's skills. Yet the regulations, as pointed out above, specify that educational expenditures which qualify an individual for a new trade or business are not deductible even though "the education may maintain or improve skills required * * * in his employment," sec. 1.162-5(b)(1), Income Tax Regs. See also sec. 1.162-5(c)(1) and (2), Income Tax Regs. Indeed, under the regulations, such expenditures are not deductible even if they are incurred for education which is expressly required by an employer. Secs. 1.162-5(b)(1) and 1.162-5(b)(3)(ii), ex. (2), Income Tax Regs.

Petitioner challenges the validity of these regulations on the ground that they arbitrarily deny the deductibility of expenses which he incurred to increase his earning power. To support this argument he relies, of course, on section 162(a) which allows a deduction for expenses paid or incurred in "carrying on any trade or business." However, expenses incurred in the pursuit of education designed to qualify an individual to enter a new trade or business are not deductible; because, in the words of the regulation, they are "personal expenditures" or "an inseparable aggregate of personal and capital expenditures"—nondeductible under either section 262 or 263 or both. See *Welch* v. *Helvering*, 290 U.S. 111, 115 (1933). Even if an individual taking a course which both qualifies him for a new profession and improves his skills and earning power in his current field of endeavor does not intend to enter the new profession, his purpose and intention may change. He may later decide to enter the new profession. Indeed, in the instant case, petitioner ceased teaching even before he finished his law school study. Factual situations may arise where petitioner's argument would have more weight. However, since petitioner's law school work obviously had substantial long-term utility apart from its assistance in obtaining a larger teaching salary, we cannot say that denial of the claimed deductions in accordance with the objective standards of the regulations involves an arbitrary application of sections 162(a) and 262. We have previously sustained these provisions of the regulations as a valid exercise of rule-making power. *Ronald F. Weiszmann, supra* at 1111–1112; *Jeffry L. Weiler, supra* at 402. We adhere to that conclusion. *Commissioner* v. *South Texas Co.*, 333 U.S. 496, 501 (1948).

Even if, in testing the deductibility of petitioner's expenditures, we should look to his primary purpose in attending law school, we are not satisfied that he has met that test. His application for admission to law school, referred to in our Findings, discloses an ambition—to be a judge in the court system of Ohio—which presupposes entry into the

legal profession. He frankly admitted in the course of his testimony that he had not ruled out the practice of law as a career. Furthermore, his study of law had only the remotest connection with the field of electronics, in which he was then teaching. *Carroll* v. *Commissioner*, 418 F. 2d 91 (C.A. 7, 1969), affirming 51 T.C. 213 (1968). Finally, he demonstrated the tentativeness of his commitment to the teaching profession by leaving it even before he completed his work toward a law degree. Taking into account these and other facts of record, we are not convinced that petitioner's primary purpose in attending law school was to promote his advancement in the teaching profession. See, e.g., *N. Kent Baker*, 51 T.C. 243 (1968); *Sandt* v. *Commissioner*, 303 F. 2d 111 (C.A. 3, 1962), affirming a Memorandum Opinion of this Court; *Condit* v. *Commissioner*, 329 F. 2d 153 (C.A. 6, 1964), affirming a Memorandum Opinion of this Court.

Finally, petitioner urges, in the alternative, that he should be allowed to treat his law school expenses as capital expenditures and amortize them over a 5-year period. There is no legal or factual support for this contention. See, e.g., *Nathaniel A. Denman*, 48 T.C. 439 (1967), acq. 1968–1 C.B. 2. It must be rejected.

To reflect the concessions of the parties,

*Decision will be entered under Rule 50.*