PATRICK L. JOHNSTON and CECILE YVONNE JOHNSTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Johnston v. Commissioner
Docket No. 3351-77.
United States Tax Court
T.C. Memo 1978-257; 1978 Tax Ct. Memo LEXIS 260; 37 T.C.M. (CCH) 1112; T.C.M. (RIA) 78257; July 11, 1978, Filed Patrick L. Johnston, pro se. John O. Kent, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1975 in the amount of $ 297.00. The questions presented are: (1) whether petitioners incurred a casualty loss in 1975, and (2) whether expenses incurred by petitioner in attending law school and becoming admitted to the California State Bar are deductible under section 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Patrick L. Johnston and Cecile Yvonne Johnston resided *261 in La Crescenta, California, when their petition was filed in this case. Cecile Yvonne Johnston is a petitioner only because the couple filed a joint return for the calendar year 1975. Patrick L. Johnston will hereinafter be referred to as petitioner. During the year involved in this proceeding, petitioner was employed as a law clerk in the law offices of William G. Tucker and remained so employed until he was admitted to the California Bar. At the same time, he was attending evening classes at the Loyola Law School. During the time that the petitioner had attended Loyola Law School, he had been employed as a real estate appraiser for a bank, as a property manager for the City of Glendale, California, and as a real estate appraiser for a savings and loan association. He obtained employment as a law clerk for William G. Tucker after being laid off by the savings and loan association and has been so employed since November 20, 1973. In the joint return filed by petitioner and his wife for the taxable year 1975, petitioner claimed as a deduction the amount of $ 1,000.00, described as "law school tuition" and "state licensing examination." The amounts so expended by petitioner *262 were $ 608.00 for tuition and $ 115.00 for the license to take the examination. During the taxable year 1975, petitioner owned a 1968 Volkswagon beetle. As a result of an automobile accident on May 5, 1975, the vehicle was damaged beyond repair. State Farm Insurance Company, insurer of the vehicle, determined that the value of the vehicle was $ 900.00, and after deducting for a $ 100.00 deductible, paid the petitioner $ 800.00 to cover the loss of the car. Petitioner thereupon purchased a 1967 Volkswagon beetle from a dealer for a total price of $ 1,600.00. Petitioners claimed the sum of $ 1,600.00 as the fair market value of the 1968 Volkswagon beetle which had been destroyed in the accident. OPINION Petitioner contends that he is entitled to deduct the cost of tuition to Loyola Law School and the cost of taking the bar examination because attendance at law school and the taking of the examination were conditions of his employment as a law clerk to William G. Tucker. It is axiomatic that law firms only hire law students as clerks. On the other hand, it is equally clear that students do not enroll in law school to get a job as a law clerk. They attend law school in order *263 to become a lawyer. Petitioner is no exception to that rule, and in fact did become a lawyer. As such, petitioner's education qualified him for a new trade or business and is not deductible. Section 1.162-5, Income Tax Regs.Bodley v. Commissioner, 56 T.C. 1357 (1971); Weiszmann v. Commissioner, 52 T.C. 1106 (1969), affd. per curiam, 443 F.2d 29 (9th Cir. 1971). No deduction is allowable for either the educational expense or the expense of taking the bar examination. With respect to the value of petitioner's 1968 Volkswagon beetle which was "totaled" in an accident on May 5, 1975, the respondent claims the amount allowed by State Farm Insurance Company as proof of value. Respondent would further corroborate the valuation by reference to The Kelley Auto Market Report "Blue Book", Western Edition, wherein a 1968 Volkswagon beetle sedan is listed at $ 750.00 wholesale and $ 1,100.00 retail. Petitioner relies on the fact that he was required to pay $ 1,600.00 for a 1967 Volkswagon beetle, purchased from a Volkswagon dealer. Petitioner admitted that he paid more than he might otherwise have had to pay for a comparable car because it *264 was necessary to obtain financing and only the dealer could offer adequate financing. It may also be accepted as a fact that where the Volkswagon dealer sells a used Volkswagon, the car is generally put in better condition and sold with a limited warranty. Considering all the facts, the Court finds that the fair market value of petitioner's 1968 Volkswagon at the time of the accident was $ 1,200.00. Accordingly, petitioner's loss would be $ 400.00, after taking into account the amount received from State Farm Insurance Company. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩