WILLIAM G. REHE AND SUZANNE M. REHE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rehe v. Commissioner
Docket No. 12369-77.
United States Tax Court
T.C. Memo 1980-316; 1980 Tax Ct. Memo LEXIS 274; 40 T.C.M. (CCH) 975; T.C.M. (RIA) 80316; August 13, 1980, Filed *274 Petitioner is not entitled to a deduction under section 162(a) for expenses incurred in attending law school. William G. Rehe, pro se. James A. Nelson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $450 in petitioners' 1975 Federal income tax. The sole issue is whether petitioners are entitled to a deduction under section 162(a) [1] for certain expenses incurred by William G. Rehe in attending law school. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. William G. (hereinafter petitioner) and Suzanne M. Rehe, husband and wife, resided *275 in Huntington Beach, California, when they filed their 1975 joint Federal income tax return and in Brinnon, Washington, when they filed their petition in this case. Since June 1973, petitioner has been employed by the McDonnell Douglas Automation Company (hereinafter MDAC) as a group manager in the contracts department of MDAC's data processing division. In this capacity, petitioner supervises the preparation, development, pricing and negotiation of all contracts and contract proposals between MDAC and its West Coast customers. His duties also include direct contract negotiations with those customers' legal counsel and coordinating the efforts of his group with MDAC's own in-house counsel. Sometime prior to September 1973, petitioner decided that it would be of value to him in negotiating contracts for MDAC and dealing with attorneys to obtain a legal education. MDAC agreed with petitioner's decision and encouraged him to attend law school. Beginning in September 1973 and continuing throughout the year at issue, petitioner attended Western State University School of Law (hereinafter Western State) on a part-time evening basis. Western State is not recognized by the American *276 Bar Association and its graduates are only eligible to sit for the California bar examination. The curriculum at Western State is typical of other law schools in the United States and petitioner pursued a general course of legal study. Petitioner graduated from Western State in December 1976 and received the degree of Juris Doctor. He did not take the California bar examination. While in law school and after his graduation therefrom, petitioner continued to work for MDAC as a contracts manager. Prior to attending Western State, petitioner had already met the minimum education requirements for that position.His duties as contract manager did not change nor did he request any change of duties as a result of attending and completing law school. During 1975, petitioner incurred and paid $1,816 in law school expenses for which MDAC reimbursed him in full. Petitioner reported the reimbursed expenses as gross income on his 1975 joint Federal income tax return and also claimed an education expense deduction in the amount of $1,816. In his notice of deficiency, respondent disallowed the deduction in its entirety. OPINION We must determine whether petitioner is entitled to deduct *277 certain law school expenses incurred during 1975. Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 1.162-5(a), Income Tax Regs., provides as a general rule that education expenses are deductible if the education maintains or improves skills required by the individual in his employment or other trade or business or meets the express requirements of his employer. This general rule does not apply, however, if the expenses are incurred for education which is part of a program of study being pursued by the taxpayer which will lead to qualifying him in a new trade or business. Sec. 1.162-5(b)(3), Income Tax Regs. Instead, such expenses are "nondeductible" personal expenditures or constitute an inseparable aggregate of personal and capital expenditures. Sec. 1.162-5(b)(1), Income Tax Regs.
Petitioner initially argues that section 1.162-5(b)(3), Income Tax Regs., is inapplicable to the facts herein because he failed to take and successfully complete a bar examination and, therefore, was not qualified to engage in a new trade or business, viz., the practice of law. Petitioner *278 concludes that since his legal education improved his skills as a manager of contracts with MDAC, his expenses incident to that education are deductible pursuant to section 1.162-5(a), Income Tax Regs. We disagree. Petitioner is attempting to circumvent the plain language of section 1.162-5(b)(3), Income Tax Regs., by reading into it a licensing requirement where none exists. For education expenses to be nondeductible under this regulation, it is sufficient that the education lead towards qualifying the taxpayer for a new trade or business. It is not necessary to actually satisfy every prerequisite for qualification in that new trade or business if the education pursued leads toward such qualification. Diaz v. Commissioner,70 T.C. 1067, 1076 (1978), affd. 607 F. 2d 995 (2d Cir. 1979). In the instant case, attending law school was certainly part of a program being pursued by petitioner which led him towards qualifying as an attorney. That petitioner was not licensed to practice law during 1975 or, in fact, never intended to practice law is simply irrelevant. See O'Donnell v. Commissioner,62 T.C. 781, 783 (1974), affd. *279 519 F. 2d 1406 (7th Cir. 1974); sec. 1.162-5(b)(3)(ii), examples (1) and (2), Income Tax Regs. Cf. Glenn v. Commissioner,62 T.C. 270 (1974). The regulations adopt an objective test for determining the deductibility of education expenses, Bodley v. Commissioner,56 T.C. 1357, 1360 (1971), and we think that petitioner's factual situation fits squarely within the express provisions of those regulations. Petitioner also advances several statutory arguments to support his position that such expenses are deductible. We have carefully considered each of those contentions, but find them totally unpersuasive. Accordingly, we hold that petitioner's claimed education expenses are not deductible under section 162(a). To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩