BARRY PETERSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petersen v. Commissioner
Docket No. 10358-78.
United States Tax Court
T.C. Memo 1980-338; 1980 Tax Ct. Memo LEXIS 246; 40 T.C.M. (CCH) 1067; T.C.M. (RIA) 80338; August 26, 1980, Filed Barry Petersen, pro se. Shlomo Aaron Beilis, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge. Respondent determined a deficiency in petitioner's income tax for 1976 of $236.65. The issue presented is whether petitioner's educational expenses are deductible or whether the courses taken in 1976 were part of a course of study which would lead to qualify him for a new trade or business. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Staten Island, New York, at the time the petition herein was filed. He timely filed his income tax return for the taxable year 1976 with the District Director of Internal Revenue, New York, *247 New York, using the cash method of accounting. In 1964, petitioner received a B.S. degree in Business Administration with a "C" average. From June 1965 to the present, petitioner has been employed by the New York City Department of Social Services (Department) as a caseworker, except for a two-year period of Army service and the period from January through May 1978, when he was on educational leave to take certain courses toward a Masters in Social Work (M.S.W.) degree. In September 1974, petitioner enrolled in the Fordham University Graduate School of Social Work (Fordham) as a non-matriculated student. In May 1975, after completing 15 credits, he may have qualified to receive a certificate indicating the satisfactory completion of 15 credits involving social services, had he submitted a project. The certificate would not have qualified him for a job promotion. By the end of 1975, petitioner had completed 17 credits at Fordham; by the end of 1976, he had completed 30 credits. Ordinarily, only 15 credits would transfer if a non-matriculated student later matriculated. He first decided to apply and in fact applied to be a matriculated student at Fordham on January 24, 1977, but *248 was rejected. He reapplied in August 1977 and was accepted as a candidate for the M.S.W. degree. He received his degree in May 1979, and subsequently took a New York State Board for Social Work examination to qualify as a "certified social worker." All of the courses which petitioner took at Fordham were directly related to work in the field of social services. Petitioner did not believe that he would have been admitted to Fordham as a matriculated student, based on his undergraduate record, even at the point of time when he had received 15 credits. At all pertinent times, the minimum requirement necessary to acquire a position with the Department as a caseworker was a baccalaureate degree issued after completion of a four-year course in an accredited college or university. ULTIMATE FINDING OF FACT The courses taken by petitioner in 1976 were not part of a course of study which could lead to qualifying him for a new trade or business. OPINION Respondent does not contend that the courses which petitioner took during the taxable year at issue did not improve petitioner's skills as a caseworker. Rather, he seeks to support his disallowance of petitioner's expenses related *249 to taking these courses on the ground that they were part of a program which qualified petitioner for a new trade or business, i.e., as a social worker. See Sections 1.162-5(b)(1) and (3)(i), Income Tax Regs. We disagree. During 1976, petitioner was not a candidate for an M.S.W. degree. If he had been, respondent's position would be much stronger under the objective standards which govern the disposition of cases involving educational expenses. Burnstein v. Commissioner, 66 T.C. 492 (1976); Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971). Respondent seeks to bring petitioner's situation within the objective standards test by arguing that petitioner always intended to obtain an M.S.W. degree from Fordham, but began as a non-matriculated student because his undergraduate record would not have qualified him for acceptance in the degree program at the time he began taking his courses. While respondent's argument has the aura of a subjective standard, rejected by the decided cases, it conceivably might have some validity if the evidence showed a deliberate plan on the part of a taxpayer to commence a program leading toward a degree but to delay *250 matriculation for the degree until a later date. In such a situation, it may well be that an inquiry as to subjective intent might be in order to provide the foundation for determining whether the taxpayer's program fit the objective test of qualification for a new trade or business. But, we need not decide herein whether such a refinement of the objective versus subjective standard should be adopted for the fact of the matter is that there was no such pattern of action on petitioner's part. Petitioner was not a matriculated student in 1976. Whereas normally only 15 credits would carry over when a non-matriculated student matriculated, petitioner had completed 17 prior to 1976.Thus, he could not have expected the additional courses he took in 1976 to transfer into the masters program even if he had intended to matriculate later. Moreover, petitioner did not decide to apply to Fordham as a matriculated student until January 1977, subsequent to the year in issue. While this fact alone would not convince us that his earlier studies were not part of a course of study leading to an M.S.W. degree, the rejection of the application by Fordham supports his position. His subsequent *251 reapplication and acceptance later in 1977 do not alter the situation as it existed in late 1976 and early 1977. We, therefore, hold that the educational expenses incurred by petitioner in 1976 are deductible as arising from courses which maintained or improved his skills in his trade or business of being a caseworker. Section 1.162-5(c)(1), Income Tax Regs.[1]
To reflect concessions by petitioner as to the amount of the deduction, Decision will be entered under Rule 155.
Footnotes
1. We express no opinion as to petitioner's right to a deduction for 1977 -- a year not before us.↩