BENOIT and LYNN RIVA CASTEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Castel v. Commissioner
Docket No. 22440-80.
United States Tax Court
T.C. Memo 1982-164; 1982 Tax Ct. Memo LEXIS 580; 43 T.C.M. (CCH) 951; T.C.M. (RIA) 82164; March 30, 1982. Benoit Castel, pro se. Lewis R. Carluzzo, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1978 in the amount of $ 432. The issue for decision is whether petitioners are entitled to deduct the amount expended by Benoit Castel during the calendar year 1978 in attending the International School of Law, now the George Mason University School of Law. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Fairfax, Virginia, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar *581 year 1978. Benoit Castel (petitioner) was employed as a patent examiner with the Patent and Trademark Office of the United States Department of Commerce (Patent Office). As part of a career development program of the Patent Office, employees were entitled to be reimbursed for expenses incurred in connection with taking certain law courses at authorized institutions. However, because of a shortage of funds the reimbursement policy was suspended during the year 1978. Petitioner had enrolled in 1975 at the International School of Law (International) as a candidate for a Juris Doctor (J.D.) degree. At the end of the fall semester of 1978 he became eligible to receive his J.D. degree. At that time there was discussion concerning International being absorbed by George Mason University and therefore petitioner elected to delay the receipt of his J.D. degree. International was founded in 1972. At that time it was located in the Federal Bar Building in Washington, D.C. and was a District of Columbia corporation with a license from the District of Columbia to grant a J.D. degree. Thereafter, for a period of time, International was located at 1717 Rhode Island Ave., N.W., Washington, *582 D.C., and at 1441-1453 Rhode Island Ave., N.W., Washington, D.C. In 1977 International moved its operation and physical location to Arlington, Virginia. As of July 1, 1979, after a protracted process, International became fully absorbed by George Mason University and became known as the George Mason University School of Law. During the year 1978 International was not accredited by the American Bar Association. The school did not receive such accreditation until August 1, 1980, when it was fully accredited as the George Mason University School of Law. In accordance with his request, petitioner received his J.D. degree on August 23, 1980, from the George Mason University School of Law. Even though International was not accredited by the American Bar Association during the year 1978, graduates of the school had received special permission to take the Virginia Bar examination. This permission had been granted as early as July 1975 and remained in effect until the accreditation of the school as the George Mason University School of Law. However, the right to sit for the bar examination in Virginia was not absolute but was discretionary with the Board of Bar Examiners. Petitioner *583 did sit for the bar examination in Virginia in 1979. He passed the examination in that year and since 1979 has been a member of the Virginia Bar. [1]
On his 1978 Federal income tax return, petitioner deducted as a miscellaneous itemized deduction for educational expenses the amounts he expended in connection with taking the law *584 school courses which would have qualified for reimbursement by the Patent Office had the program of reimbursement for expenses not been suspended in the year 1978. Petitioner took other courses at International but did not claim a deduction for the expenditures made in connection with those courses. The amount claimed by petitioner to be deductible as educational expenses was $ 1,346.75. Respondent in his notice of deficiency disallowed petitioner's claimed deduction for educational expenses on the ground that "the courses you took are part of a program of study that may lead to qualifying you for a new trade or business." OPINION Section 162(a) [2] provides for allowance of deductions for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. While the statute does not specifically refer to educational expenses, respondent's regulations provide for the deduction of expenditures made by an individual for education which maintains or improves skills required in his employment or other trade or business or meets the express requirements of the individual's employer, unless such education is necessary for the individual *585 to meet the minimum requirements of his employment or other trade or business or the expenditures are made for education "which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." [3]
*586 Petitioner points out that he has only claimed a deduction for the cost of those courses which he took in 1978 that specifically improved his skills in his employment as a patent examiner. Respondent does not deny that the expenditures made by petitioner for which he claimed an educational expense deduction were made with respect to courses that improved his skills as a patent examiner. It is respondent's position that the education petitioner was taking at law school was fulfilling the requirements for a J.D. degree and therefore was education which was part of a program of study which would qualify petitioner in a new trade or business. In fact, as petitioner recognized, it has been specifically held that law school courses taken by a patent examiner are not deductible business expenses since they qualify the taxpayer for a new trade or business. See Martin v. Commissioner,363 F.2d 35 (4th Cir. 1966), affg. a memorandum Opinion of this Court. [4] It is petitioner's position that since International was not accredited by the American Bar Association in 1978, the courses he took there leading toward the J.D. degree did not qualify him for a new trade or business. *587 He contends that since he had no absolute right to take the bar examination in any state, but could only take it at the discretion of the Board of Bar Examiners, the education he was undertaking in 1978 was not part of a program of study which would lead to qualifying him to be a lawyer and, therefore, was not a program of study which would qualify him in a new trade or business. The facts in this case do not support petitioner's contention. Although the right to take the Virginia Bar examination was conditional, the course of study petitioner was undertaking at International was part of a program which qualified him to be eligible to take the bar examination and *588 become a lawyer. The record clearly shows that petitioner was at least conditionally entitled to take the bar examination in Virginia upon receipt of his J.D. degree from International, and it appears that if petitioner met the other qualifications to take the bar examinations of certain other states, he could specially apply to be permitted to take such bar examinations and his application would be considered on its merits. In our view, the record here clearly shows that the expenditures which petitioner made were for education which was part of a program of study leading to qualifying him for a new trade or business. Bodley v. Commissioner,56 T.C. 1357 (1971). For this reason, petitioner is not entitled to the deduction he claimed for educational expenses. Decision will be entered for the respondent.
Footnotes
1. By letter dated January 7, 1978, to the dean of International, the secretary of the Virginia Board of Bar Examiners notified the school that the board had voted to withdraw its conditional approval of International until it had received at least provisional approval by the American Bar Association, but, in order to avoid hardship to students enrolled at the school, the board had voted to allow those students who were enrolled as of the date of the letter and who received their degrees prior to August 1, 1980, to take the Virginia Bar examination. Although petitioner, because of his own election, did not actually receive his J.D. degree until August 23, 1980, he was permitted to take the Virginia Bar examination since he had completed all the work required for a J.D. degree prior to 1979 and was entitled to receive the degree at his own election.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. ↩
3. Sec. 1.162-5(a)(1)(2) and (b)(1)(2)(3), Income Tax Regs., provides in part as follows: Sec. 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * * (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2).↩ Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.
4. Martin v. Commissioner,363 F.2d 35 (4th Cir. 1966), affg. a Memorandum Opinion of this Court, involved a year subject to the regulations promulgaged in 1958. Those regulations, unlike the current regulations, focused on the primary purpose of a taxpayer in undertaking further education. However, in Lunsford v. Commissioner,T.C. Memo. 1973-17↩, we reached the same conclusion with respect to a patent examiner under regulations identical to those in effect for the year 1978.