MICHAEL P. DREHER AND CHRISTINA DREHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dreher v. Commissioner
Docket No. 26802-81.
United States Tax Court
T.C. Memo 1983-499; 1983 Tax Ct. Memo LEXIS 295; 46 T.C.M. (CCH) 1144; T.C.M. (RIA) 83499; August 17, 1983. Michael P. Dreher, pro se. Alfred A. Pierri, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 *296 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1979 in the amount of $629. The issue is whether petitioner Michael P. Dreher is entitled to deduct as a business expense under section 162(a) certain costs incurred in 1979 obtaining a law school education. FINDINGS OF FACT Some of the facts were stipulated and they are so found. Petitioners were residents of Glenwood, New Jersey at the time their petition in this case was filed. During the year 1979 petitioner Michael P. Dreher was an assistant principal in the school system of Jersey City, New Jersey. Petitioner has been an educator *297 in the New Jersey public school system for 21 years, serving in the last 12 years as a school administrator. In 1979 petitioner began to attend law school and continued in his law studies through the date of trial. Petitioner plans to take the New Jersey bar examination in January 1984. Petitioner claimed a deduction in the amount of $3,380.33 under section 162(a) in 1979 for the education expenses incurred in attending law school. Respondent disallowed the deduction. OPINION The regulations provide as a general rule that expenditures made by an individual for education may be deducted if such education maintains or improves skills required by the individual in his employment. Section 1.162-5(a), Income Tax Regs. However, such education expenses (even though the education may maintain or improve an individual's employment skills) are nondeductible if the education is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. This Court has upheld the validity of these regulations. Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). It is readily apparent *298 that petitioner's studies will lead to qualification in a new trade or business, i.e., the practice of law. Since the test under the regulations is an objective one, it is immaterial that petitioner's professed intent in pursuing his legal studies was to advance in an administrative position within the field of education or perhaps to teach law at some future date, rather than to engage in the practice of law. Bodley v. Commissioner,56 T.C. 1357 (1971); Weiler v. Commissioner,54 T.C. 398 (1970); see also Stuart v. Commissioner,T.C. Memo. 1981-367; Edwards v. Commissioner,T.C. Memo 1983-413. Petitioner's contentions that the regulations are invalid on due process grounds and on equal protection grounds is without merit. Similar arguments directed against the regulations here involved have been rejected by this and other Courts. Melnick v. United States,521 F.2d 1065 (9th Cir. 1975); O'Donnell v. Commissioner,62 T.C. 781, 783 (1974), affd. in an unpublished opinion 519 F.2d 1406 (7th Cir. 7/23/75); Weiszmann v. Commissioner,supra.See *299 also Wright v. Commissioner,T.C. Memo. 1973-8. Finally we must reject petitioner's argument that his law school expenditures are deductible under section 212(1) as expenses incurred for the production or collection of income. Petitioner encountered certain difficulties in 1978 with his employer which apparently resulted in a job transfer from principal to assistant principal. Petitioner chose to contest this job action in the courts and it appears that his legal efforts ("a very complex litigation") are still continuing in this matter. We fail to perceive the requisite nexus between petitioner's law school studies and his efforts to obtain a job advancement in the field of education. We must conclude on this record that petitioner is not entitled to deduct the cost of his law studies incurred in 1979. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.