ROBERT E. CRAIG and KATHLEEN CRAIG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Craig v. Commissioner
Docket No. 20630-81.
United States Tax Court
T.C. Memo 1983-631; 1983 Tax Ct. Memo LEXIS 157; 47 T.C.M. (CCH) 27; T.C.M. (RIA) 83631; October 12, 1983. *157 P, a flight engineer for Eastern Airlines, took a course to obtain an airline transport pilot certificate. Held, the cost of such course was not deductible as an educational expense under section 1.162-5, Income Tax Regs., because the course was part of a program of study which would lead to qualifying P in a new trade or business. Vincent L. Alsfeld, for the petitioners. Paul J. Dee, Jr., for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year *158 1979 of $5,240. Due to concessions, the issues for decision are 1) whether petitioner's flight training expenses constituted deductible educational expenses under section 1.162-5, Income Tax Regs., and 2) whether, if these expenses were qualified educational expenses, the portion reimbursed by the Veterans Administration was allocable to a class of tax exempt income within the meaning of section 265(1).[1]
All of the facts have been stipulated and are found accordingly. Petitioners Robert E. Craig ("petitioner") and Kathleen Craig, husband and wife, resided at Falmouth, Massachusetts, at the time the petition was filed. During 1979, petitioner was employed as a flight engineer by Eastern Airlines, Inc. ("Eastern"). Throughout the 1979 taxable year, in order to act as a pilot or co-pilot for Eastern, an individual was required to possess an airline transport pilot certificate. During 1979, petitioner enrolled in a course conducted by Danbury Airways, Inc., of Danbury, Connecticut, for the purpose of obtaining an airline transport pilot *159 certificate. Prior to enrolling in the course petitioner did not possess such a certificate. Petitioners deducted the $8,940 tuition cost of this course on their 1979 tax return as a job related training expense. Pursuant to 38 U.S.C. sec. 1677 (1976), the Veterans Administration reimbursed petitioner for $8,046 of the tuition costs of the flight training course. Under 38 U.S.C. sec. 3101(a) (1976), such reimbursement was exempt from Federal income tax. In his statutory notice of deficiency, respondent disallowed the $8,940 deduction in its entirety. Respondent argues that none of the flight training expenses were deductible because the course was part of a program of study which would lead to qualifying the petitioner for a new trade or business. Alternatively, respondent contends that an $8,046 portion of the flight training expenses was not deductible because it was allocable to a class of tax exempt income within the meaning of section 265(1). Petitioners argue that the course was job related and that the Veterans Administration payments were not made to reimburse petitioner for his flight training expenses. Section *160 162(a) allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Section 1.162-5(a), Income Tax Regs., permits the deduction of educational expenses, subject to certain exceptions, as business expenses if the education was undertaken to meet the express requirements of the taxpayer's employer or if it maintained or improved the skills required by the taxpayer in his employment or other trade or business.
One of the exceptions to the deductibility of education expenses is that education expenses "made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business" are not deductible. Section 1.162-5(b)(3)(i), Income Tax Regs. In determining what constitutes a new trade or business we look to whether "the education in question qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform prior to the education;" Robinson v. Commissioner,78 T.C. 550, 552 (1982); Davis v. Commissioner,65 T.C. 1014, 1019 (1976).
In the recent case of Forrest v. Commissioner,T.C. Memo. 1983-177, *161 we held that courses taken by an Eastern flight engineer to obtain an airline transport pilot certificate qualified the taxpayer for the new trade or business of being a pilot in command of a commercial aircraft--a task he could not have performed without such certificate. Accordingly, we held that the taxpayer could not deduct the cost of such courses under section 162. The instant record reveals no meaningful distinction between this case and Forrest. Petitioner's course with Danbury Airways, Inc. qualified him to become a common carrier pilot in command on the aircraft on which he was trained. He could not perform that significantly different task prior to receiving the instruction. Accordingly, we hold that the cost of petitioner's flight training course was not deductible under section 162 because the education qualified him for a new trade or business. Petitioners cite several cases for the proposition that training expenses incurred for the primary purpose of maintaining or improving the skills required by the taxpayer in his current employment are deductible under section 162. Each of these cases, however, was decided under a previous version of section 1.162-5, *162 Income Tax Regs. Under the current regulation, adopted by T.D. 6918, 1967-1 C.B. 36, a taxpayer may not deduct educational expenses, even when incurred for the primary purpose of maintaining or improving skills required in his current employment, if objectively the education was also part of a program which would lead to qualifying the taxpayer for a new trade or business. Bodley v. Commissioner,56 T.C. 1357 (1971). [2] Accordingly, the cases cited by petitioners are inapposite. Petitioner's expenses fail the objective test set out under the current regulations and are thus not deductible. [3]
To reflect concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. See also Brandt v. Commissioner,T.C. Memo. 1982-180; Roussel v. Commissioner,T.C. Memo. 1979-125↩. 3. Holding as we do, we need not address the section 265 argument. However, it is clear that under our decision in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400↩ (9th Cir. 1983), respondent would prevail on this issue as well.