MICHELLE M. BEHM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Behm v. Commissioner
Docket No. 17539-85.
United States Tax Court
T.C. Memo 1987-157; 1987 Tax Ct. Memo LEXIS 149; 53 T.C.M. (CCH) 427; T.C.M. (RIA) 87157; March 24, 1987. Lawrence H. Brenman and Clifford J. Shapiro, for the petitioner. Julia M. Dewey, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: The proceedings in this case were conducted pursuant to section 7456(d) (redesignated as section 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for 1982 in the amount of $2,539.40. After concessions by petitioner, the issues remaining for decision are: (1) whether flying expenses are deductible as educational expenses; and (2) whether petitioner is entitled to an investment tax credit for the purchase of a Cessna airplane in 1982. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts *151 and exhibits thereto are incorporated by this reference. Petitioner resided in Barrington, Illinois, when her petition was filed. In November 1980, petitioner was hired by the Federal Aviation Administration (FAA) as an air traffic controller and was so employed during 1982. Neither flight training nor pilot experience was required by the FAA as a condition of petitioner's employment. The FAA provided petitioner with classroom and on-the-job training for her position as an air traffic controller. In July 1982, petitioner received her journeyman's rating from the FAA. This provided her with job security as an air traffic controller. As an air traffic controller, petitioner was one of those responsible for the safe, orderly, and expeditious flow of air traffic in and about the Chicago O'Hare Airport. Petitioner's responsibilities included: (a) providing flight data to pilots; (b) managing aircraft on the ground from arrival to terminal or from the terminal to departure; (c) issuing commuting clearance orders and related information to pilots; and (d) clearing landings and take-offs. Petitioner had obtained a private pilot's license in March 1977, an instrument rating in December *152 1977, and a commercial pilot's license in April 1978. The FAA prescribes certain currency guidelines which require that in order to maintain a pilot's license, a pilot must perform at least three take-offs and landings every 90 days, and in order to maintain an instrument rating a pilot must log at least six hours of instrument flight time every six months. On September 1, 1982, petitioner purchased a used, single engine Cessna 172 airplane for $17,000. During 1982, petitioner had 22.8 hours of flying time, and of this total, 6.3 hours were spent flying rented or borrowed aircraft and 16.5 hours were spent flying her personal aircraft. Petitioner incurred the following expenses with regard to the operation and maintenance of her personal aircraft during 1982: Type of Expense
Amount
Hangar rental
$ 300.00
Insurance
$ 675.00
Fuel
$ 227.00
Maintenance costs
$ 286.00
Total:
$1,488.00
Petitioner incurred the following additional aviation related expenses during 1982: Type of Expense
Amount
Flying club dues
$ 24.00
Aircraft rental
$212.20
Flying lesson
$ 24.00
Total:
$260.20
On her Federal income tax return for 1982, petitioner *153 deducted $4,223.00 as educational expenses. Of the amount claimed, $1,488.00 was for expenses incurred in the maintenance and operation of the airplane, $2,475.00 was for depreciation on that airplane, and $260.00 was for the other aviation related expenses. Respondent disallowed these deductions on the grounds that these expenses were primarily for personal purposes and that they were not incurred primarily to maintain or improve skills required in petitioner's employment. Petitioner also claimed an investment tax credit in the amount of $1,645.00 for the aircraft purchased during 1982. Respondent disallowed the investment tax credit. OPINION Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on her trade or business. Although this section does not explicitly deal with expenditures for education, section 1.162-5, Income Tax Regs., sets forth guidelines for determining whether such expenditures are deductible. Bodley v. Commissioner,56 T.C. 1357 (1971). As a general rule, educational expenses are deductible if the education maintains or improves the skills required *154 by the taxpayer in her employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of her employment relationship, status, or rate of compensation. Section 1.162-5(a), Income Tax Regs.
Whether education maintains or improves skills required by the taxpayer in employment must be determined from all of the facts and circumstances involved. Boser v. Commissioner,77 T.C. 1124 (1981), as amended 79 T.C. II (1982), affd. by unreported order (9th Cir., Dec. 22, 1983). This Court has found a sufficient nexus between flight training courses and the skills required of an air traffic controller to allow the deduction of training expense if the education meets all other requirements. See Galbreath v. Commissioner,T.C. Memo. 1982-540; Hinton v. Commissioner,T.C. Memo. 1982-539. However, as we held in Boser v. Commissioner,supra, expenditures must not only be proximately related to employment responsibilities but they must be reasonable in amount. See Rossum v. Commissioner,T.C. Memo 1985-593. The acquisition *155 of the airplane by petitioner was an expense which was not reasonable in amount and was not an ordinary or necessary expense of petitioner. Petitioner was interested in flying and was an accomplished pilot well before she became an air traffic controller. She purchased the airplane only after she had the job security which enabled her to support such an expense. We are satisfied on this record that the purchase of an aircraft by petitioner was a personal expense. [2] The expenditures and depreciation related to her personal aircraft are nondeductible. Section 262. Accordingly, since we find the aircraft was not used in petitioner's trade or business and was not depreciable, the investment credit must be disallowed. Section 48(a)(1). Based on petitioner's generalized comments, we believe some of petitioner's flying time maintained her skills as a traffic controller. Accordingly, we will allow her to deduct the $260.20 of aviation expenses that do not relate *156 to her personal airplane. See Galbreath v. Commissioner,supra.
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in question, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Merely because the aircraft was a capital asset which may appreciate in value and result in a gain on a sale does not mean the aircraft was held for the production of income under section 212, as petitioner contends.↩