JUDITH R. MEREDITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meredith v. Commissioner
Docket No. 23619-91
United States Tax Court
T.C. Memo 1993-250; 1993 Tax Ct. Memo LEXIS 253; 65 T.C.M. (CCH) 2876; June 7, 1993, Filed *253 Decision will be entered for respondent. Judith R. Meredith, pro se. For respondent: Jeffrey M. Wong. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1987 in the amount of $ 624. The only issue in dispute is whether petitioner is entitled to a deduction for educational expenses in the amount of $ 1,863. Respondent disallowed the claimed deduction on the basis that the education qualified petitioner for a new trade or business. Petitioner contends that the education maintained and improved her skills in her existing trade or business, and thus the expenses incurred should be deductible. FINDINGS OF FACT Some of the facts *254 have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time of filing the petition herein petitioner resided in Springfield, Oregon. Petitioner was hired by IDS Financial Services, Inc. (IDS), as a financial planner in 1983. IDS' primary business is financial service sales, including financial planning services, mutual funds, stocks, bonds, certificates, and insurance products. When she was hired, petitioner did not have a college degree and was advised that IDS preferred persons with a college degree. After being hired and through 1985, petitioner was advised by her supervisors at IDS that obtaining a bachelor's degree would assist her in obtaining clients such as professors and employees at the State university. Petitioner was also told that additional management courses would enhance her management ability and that IDS looked favorably upon certification of financial planners, which required a college degree. Petitioner had considered obtaining a college degree since 1967, when she graduated high school. In late 1984, petitioner received a rating of "doubtful" on an IDS management aptitude test. *255 However, having met the minimum qualifications, petitioner was able to obtain a position of field manager trainer with IDS in 1985. In her capacity as a field manager trainer, petitioner set priorities and goals for IDS' office in Eugene, Oregon, and trained new planners. Petitioner believed that attending business classes would be helpful or necessary to maintain her position. During 1987, petitioner was a self-employed financial planner and also maintained her position as an IDS field manager trainer. In her capacity as a self-employed financial planner, petitioner sold investments marketed by IDS and received commissions from IDS. Petitioner took the following courses in 1987: Lane Community College
Tax preparation workshop Linfield College
Marketing Management information systems Management processes Business policy Organizational behavior Statistics During 1987, petitioner also held a license to sell insurance in Oregon. As a requirement for continued licensing as an insurance salesperson, Oregon required participation in a minimum number of continuing education classes each year. The courses taken by petitioner in 1987 (except the organizational *256 behavior course) could be used to satisfy her continuing education requirement. Petitioner obtained a Bachelor of Science Degree in Business Management in 1989. Petitioner received credit for the courses taken in 1987 in fulfilling the requirements for her degree. Petitioner continued to work as a financial planner after obtaining her degree. Since 1983, petitioner has generated significant IDS business through sales of IDS products to persons she met while attending such business classes. During 1987 petitioner received $ 4,528 in wages from IDS for training fees which she reported on her 1987 Form 1040 as wages. Petitioner also received $ 23,154 in fees from IDS as a self-employed financial planner. She reported said amount on her 1987 Schedule C. Petitioner claimed $ 1,863 in educational expenses on her Schedule C, which amount was disallowed by respondent. OPINION Section 162(a) permits a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Subject to limitations, educational expenses are deductible if the education maintains or improves skills required by the individual in his employment or other *257 trade or business or meets the express requirements of the individual's employer. Sec. 1.162-5(a)(1) and (2), Income Tax Regs. No deduction is allowed if the taxpayer's expense is for education which enables him to meet the minimum educational requirements for qualification in his employment or if the education leads to qualifying the taxpayer for a new trade or business. Sec. 1.162-5(b)(2) and (3), Income Tax Regs.
Under section 1.162-5(b)(3), Income Tax Regs., if a taxpayer is pursuing a course of educational study which will qualify him or her for a new trade or business, the expenditures are not deductible even though the studies are required by the employer, and the taxpayer does not intend to enter a new field of endeavor, or even though the taxpayer's duties are not significantly different after the education from what they had been before the education. Robinson v. Commissioner, 78 T.C. 550, 556-557 (1982); Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971); Schwerm v. Commissioner, T.C. Memo. 1986-16. Respondent has not questioned, nor does there appear to be any doubt, that *258 the educational expenses maintained or improved petitioner's skills in her trade or business and that the education was not necessary to meet the minimum requirements of her position as a financial planner. The question of whether an educational expenditure qualifies a taxpayer for a new trade or business requires a "commonsense approach". Reisinger v. Commissioner, 71 T.C. 568, 574 (1979). "If the education qualifies the taxpayer to perform significantly different tasks and activities than he or she could perform prior to the education, then the education qualifies him or her for a new trade or business." Browne v. Commissioner, 73 T.C. 723, 726 (1980) (citing Diaz v. Commissioner, 70 T.C. 1067, 1074 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979)); Glenn v. Commissioner, 62 T.C. 270, 275 (1974)). Thus, even if a taxpayer does not intend to enter into a new field of endeavor or even if the taxpayer's duties are not significantly different after the education from what they were before, the expenditures are not *259 deductible if the education qualifies the taxpayer for a new trade or business. While petitioner continued to work as a financial planner after she completed the courses in issue and after she received her degree, we conclude that the courses taken were part of a program which led to qualifying her for a new trade or business. The courses taken by petitioner in 1987 were part of a program which led to a bachelor of science degree obtained in 1989. As we stated in Malek v. Commissioner, T.C. Memo. 1985-428: it may be all but impossible for a taxpayer to carry his or her burden of proving ( Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice & Procedure) that a bachelor of arts degree program, or a liberal arts bachelor of science degree program, does not qualify the taxpayer in a new trade or business.
Based on the foregoing, respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩