T.C. Memo. 2007-174

UNITED STATES TAX COURT

RONALD Z. THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24178-05.                    Filed July 3, 2007.

<u>Anthony V. Diosdi</u>, for petitioner.

<u>Kaelyn Romey</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2002 Federal income tax of $3,663, as well as a penalty under section 6662(a) of $733.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.  Amounts are rounded to nearest dollar.

The issues for decision are: (1) Whether petitioner is entitled to deduct the expense of flight school as an educational expense under section 162(a); and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference, and the facts stipulated are so found. At the time the petition was filed, petitioner resided in Castro Valley, California.

Petitioner graduated from San Jose State University with a bachelor of science degree in aviation operations. Petitioner is currently employed as an aeronautical engineer[2] with Planners Collaborative, Inc. (Planners), a subcontractor which provided engineering and technical management services to support the National Aeronautics and Space Administration's (NASA) Ames Research Center. Prior to his employment with Planners, from August 2000 through October 2004, petitioner was employed as an aeronautical engineer with Teculan Inc. (Teculan), a subcontractor which also provided engineering and technical management services to NASA.

---

[2] The parties also referred to petitioner as a systems engineer.

Petitioner's duties for Teculan required him to: (1) Identify, collect, organize, and document engineering requirements and drawings; (2) maintain configuration control processes to ensure traceability of baseline documentation; (3) test and evaluate aircraft flight systems software, cockpit ergonomics, and other related engineering modalities; and (4) perform engineering studies and provide technical assistance, including problem solving and formulation of tradeoffs and recommendations.

While working at Teculan, on October 1, 2001, petitioner began attending a commercial pilot training program offered by Sierra Academy of Aeronautics (Sierra Academy) to pursue a commercial pilot's certificate for both single-engine and multiengine airplanes (commercial pilot certificates). To receive a commercial pilot certificate for either single-engine or multiengine airplanes, petitioner was required to complete three programs: (1) personal pilot's certification; (2) pilot instrument rating; and (3) commercial pilot certificate. Petitioner completed these three programs and received his commercial pilot certificates on March 1, 2004.

The parties stipulated that petitioner was not required to attend flight school to meet the minimum education requirements necessary to qualify as an aeronautical engineer by his former

employers or by any law or regulation.  Petitioner was not reimbursed for the expenses paid to attend Sierra Academy.

In 2002, petitioner paid Sierra Academy $17,826 for tuition and $929 for required books, equipment, and uniforms.  He reported $18,755 as educational expenses on his Schedule A, Itemized Deductions, for 2002.  Petitioner prepared his 2002 Federal income tax return using tax preparation software.

On November 15, 2005, respondent mailed petitioner the notice of deficiency with respect to 2002 which denied petitioner's deductions for educational expenses.  Petitioner timely filed his petition on December 22, 2005.

OPINION

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  Generally, expenditures made by an individual for education are deductible under section 162(a) if the education maintains or improves skills required of the individual in his employment or other trade or business or meets the express requirements of the individual's employer. Sec. 1.162-5(a), Income Tax Regs.  However, even if the general rule is satisfied, expenses for education are nondeductible if the education is part of a program of study which will lead to qualifying an individual for a new trade or business.  Sec. 1.162-5(b)(1), (3), Income Tax Regs.

An individual who, through education, improves his skills in an existing trade or business may also become qualified for a new trade or business.  Educational expenses incurred to qualify for a new trade or business are nondeductible even if the individual does not engage in the new activity.  See sec. 1.162-5(b)(3)(ii) Example (2), Income Tax Regs.  The mere capacity to engage in a new trade or business is sufficient to disqualify the expenses for the deduction.  Weiszmann v. Commissioner, 52 T.C. 1106, 1111 (1969) affd. per curiam 443 F.2d 29 (9th Cir. 1971); see sec. 1.162-5(b)(3), Income Tax Regs.

The Court agrees with petitioner's contention that his training improved his aeronautical engineering skills.  By taking flight lessons petitioner likely improved his ability to evaluate cockpit ergonomics and design and troubleshoot future flight concepts.  The training also likely improved his skills in testing and evaluating aircraft flight systems software.  However, the education undertaken by petitioner was a course of study that led to his receipt of commercial pilot certificates.  As a result, this Court must decide whether petitioner became qualified for new trade or business by attaining these certificates.

Even though petitioner did not intend to work as a commercial pilot, the commercial pilot certificates qualified him to be employed as a pilot-in-command of an aircraft for single

and multiengine airplanes for compensation,[3] qualified him to serve as a second-in-command pilot for an airline,[4] and enabled petitioner to engage in a trade or business for which he was previously unqualified.  Robinson v. Commissioner, 78 T.C. 550, 557 (1982); Bodley v. Commissioner, 56 T.C. 1357, 1361 (1971).  Therefore, this Court finds that petitioner's commercial pilot training was part of a program of study which qualified him for a new trade or business, and the expenses paid in 2002 to attend the program are nondeductible under section 162.  See sec. 1.162-5(b)(3), Income Tax Regs.

Respondent contends petitioner is liable for a section 6662 penalty because the underpayment of tax was attributable to negligence.  Section 6662(a) imposes a 20-percent accuracy-related penalty on the portion of any underpayment attributable to negligence.  Sec. 6662(b).  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

---

[3] See Roussel v. Commissioner, T.C. Memo. 1979-125; 14 C.F.R. sec. 61.133(a) and (b) (2002).

[4] See 14 C.F.R. sec. 61.55 (2002).  Because petitioner did not earn an airline transport pilot rating, he would not be allowed to captain an airplane for an airline company.

On this entire record, the Court finds that petitioner made a reasonable attempt to comply with the internal revenue laws and exercised ordinary and reasonable care by obtaining software to aid him in the preparation of his 2002 Federal income tax return.  Therefore, the Court is satisfied that the section 6662(a) accuracy-related penalty for negligence should not be imposed.

The Court, in reaching its holding, has considered all arguments made and concludes that any arguments not mentioned above are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.