JOHN V. McDERMOTT, JR., and MARY M. McDERMOTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDermott v. Commissioner
Docket No. 7047-75.
United States Tax Court
T.C. Memo 1977-31; 1977 Tax Ct. Memo LEXIS 409; 36 T.C.M. (CCH) 144; T.C.M. (RIA) 770031; February 7, 1977, Filed John V. McDermott, Jr., pro se. Kevin C. Reilly, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $287.66 in petitioners' joint Federal income tax for the calendar year 1973. The sole issue for decision is whether petitioners are entitled to a deduction for expenses incurred by John McDermott in attending law school. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, along with attached exhibits, is incorporated herein by this reference. Petitioners, husband and wife, resided in Closter, New Jersey, at the time of filing their petition herein.They filed a joint Federal income tax return for the calendar year 1973. Since Mary M. McDermott is a party hereto solely by reason of having filed a *410 joint return with her husband, John V. McDermott will hereafter be referred to as the petitioner. Petitioner graduated from the University of Notre Dame with a B.A.degree in June, 1970. During the next 15 months, he worked at various jobs and also served a period of active duty with the Armed Forces. Thereafter, on September 13, 1971, he matriculated in the evening program at the Fordham University School of Law. Petitioner was a student at Fordham Law School from September 13, 1971, until May 30, 1975, and was awarded the degree of Juris Doctor on June 6, 1975. He sat for the bar examination in New York in July, 1975, and was admitted to the bar of New York in February, 1976; he has also been admitted to the bar of New Jersey. On December 30, 1971, petitioner began employment with the American Mutual Liability Insurance Company in New York City ("Mutual"). At that time, he had completed approximately four months of evening law school classes. His position with Mutual was stated to be "claim representative", but he was assigned to the company's legal department. Mutual required applicants for such positions in the legal department to have some legal background, but did *411 not require them to have law degrees or to obtain law degrees in order to retain their positions with the company. Petitioner's duties included preparing intraoffice recommendations for handling potential lawsuits and participating in trial preparation and settlement negotiations. At first, petitioner worked under the direct supervision of attorneys in the legal department, but by 1973, the year in issue here, he was given substantial responsibility to act independently within the scope of his assigned duties. Petitioner sometimes appeared at pretrial conferences, before judges, to conduct settlement negotiations; at no time, however, did petitioner act or hold himself out as an attorney of record for Mutual, nor did petitioner ever conduct trials on behalf of Mutual. In April, 1976, after his admission to the bar, petitioner's title at Mutual was changed from "claim representative" to "attorney". At that time, he received a pay increase of $1,500, and his duties were expanded to include the actual conduct of trials on behalf of Mutual and other responsibilities as an attorney of record for the company. The record does not disclose whether he would have received any such increase *412 in compensation had his classification remained that of a "claim representative".
During the calendar year 1973, petitioner paid $1,650 for tuition to Fordham University. In addition, petitioner paid $127.75 for law school textbooks, plus $7.78 sales tax on those books. Petitioner deducted these amounts on his 1973 Federal income tax return as educational expenses. [1] Respondent disallowed the deductions on the grounds that petitioner's course of study led to qualification for a new trade or business. [2]
OPINION Section 162, I.R.C. 1954, allows a deduction for all the "ordinary and necessary" expenses paid or incurred in a trade or *413 business of the taxpayer. Section 1.162-5, Income Tax Regs., sets forth special rules for determining when educational expenses may be considered ordinary and necessary expenses incident to any employee's trade or business. Subsection (b) thereof provides the rule dispositive of this case: Sec. 1.162-5. Expenses for education. * * *
(b) Nondeductible educational expenditures * * * * * *
(3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * * Section 1.162-5(b) (3), Income Tax Regs. The rule of subsection (b) (3) is illustrated by the following two examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, *414 etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business. Petitioner's case falls squarely within the foregoing provisions. By attending law school and obtaining a J.D. degree, petitioner became entitled to seek admission to the bar and thereby to enter the general practice of law. His own employer recognized a distinction with respect to title, salary, and duties between "claim representatives" and "attorneys". It is true that petitioner's trade or business as an employee involved skills associated with the practice of law, but *415 this Court has often held that the exercise of legal skills by accountants, patent specialists, and other professionals is a trade or business separate and distinct from the practice of law. Eugene G. Feistman,63 T.C. 129, 134; Patrick L. O'Donnell,62 T.C. 781, 782-784, affirmed without opinion 519 F. 2d 1406 (C.A. 7); Morton S. Taubman,60 T.C. 814; David N. Bodley,56 T.C. 1357; Jeffry L. Weiler,54 T.C. 398; Ronald F. Weiszmann,52 T.C. 1106, affirmed per curiam 443 F. 2d 29 (C.A. 9). Since petitioner was engaged in a course of study leading to his qualification in the new trade or business of being a fullfledged attorney, he is not entitled to a deduction for his educational expenses. In order to allow for the minor adjustments required to reflect petitioner's sales tax expense, Decision will be entered under Rule 155.* Footnotes
1. Petitioner stated on his return: "I am taking these courses because I am required to by my employer in order to continue in my employment and to receive a pay increase. Also, to improve my skills to do my job better.The courses I took enabled me to better & more quickly apply the law to the facts in our cases". ↩
2. Respondent disallowed the deductions in full. Since petitioner itemized his deductions, he will be entitled to a deduction for the sales tax of $7.78 even in the event he is not entitled to an educational expense deduction.↩