J. THOMAS ORR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Orr v. Commissioner
Docket No. 13414-90
United States Tax Court
T.C. Memo 1992-566; 1992 Tax Ct. Memo LEXIS 593; 64 T.C.M. (CCH) 882; T.C.M. (RIA) 92566; September 24, 1992, Filed Decision will be entered under Rule 155. J. Thomas Orr, pro se. Ursula Gee, for respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180-182. Respondent determined deficiencies in petitioner's 1986 and 1987 Federal income taxes in the amounts of $ 3,645 and $ 1,162, respectively. Respondent also determined additions to tax under section 6653(a)(1)(A) in the respective amounts of $ 182 and $ 58 and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the entire deficiency for each year. After concessions by the parties, the issues for decision are: (1) Whether petitioner received unreported taxable income during 1986; (2) whether petitioner is entitled to a deduction for claimed Schedule C expenses *594 for the taxable years 1986 and 1987; (3) whether petitioner is entitled to a deduction for claimed employee business expenses for 1986; (4) whether petitioner is entitled to a deduction for miscellaneous expenses in excess of the amounts allowed by respondent for the taxable years 1986 and 1987; (5) whether petitioner is entitled to a deduction for casualty losses for the taxable years 1986 and 1987; and (6) whether petitioner is liable for the additions to tax as determined by respondent. [2]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Alta Loma, California. Petitioner bears the burden of showing respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *595 Preliminary Matters
The Court left the record open for 60 days following the trial so as to enable petitioner to submit specific documents into evidence which indicated (1) the amount of unreported income received from the United States Army Reserve (USAR), (2) alleged car and truck expenses for 1986 and 1987, (3) educational expenses incurred in connection with his employment as a school teacher, and (4) petitioner was engaged in the electronics/electrical repair business. If a supplemental stipulation of facts could not be agreed upon, petitioner was to file an appropriate motion. On June 30, 1992, petitioner timely filed a Motion to Introduce Evidence, requesting admission into evidence of exhibits hereafter referred to as Supplemental Exhibits 1 through 43B. Respondent filed a Notice of Objection objecting to Supplemental Exhibits 1-5, 7, 9, 15, 18-19, 21-23, 28-31, 33-34, 37, and 40-43B on the ground that they are not within the parameters for which we left the record open. After review of the exhibits, we agree with respondent and sustain respondent's objections, except as to Supplemental Exhibits 15, 18, 21, 28, 30, 31, 37, and 43A and B. Those excepted exhibits, *596 as well as those not objected to, are received and made part of the record. Unreported Income
Petitioner was a staff sergeant in the USAR during 1986. During that year, petitioner was called to perform drills with his assigned USAR Unit. Respondent determined, in the notice of deficiency; that petitioner received $ 2,350 of unreported taxable income from the USAR. At trial, respondent conceded a portion of such amount, and specified the amount of unreported taxable income to be $ 1,666. Petitioner concedes that he earned unreported taxable income from the USAR, but disputes the amount of such income. Petitioner has the burden of proving that his unreported income was less than that determined by respondent. Rule 142(a); Welch v. Helvering, supra.
Petitioner submitted a copy of his "Jumps-Army, Leave and Earnings Statement" for December 1986. The statement indicates that petitioner received zero earnings for the month of December. However, it does not reflect information as to petitioner's annual USAR earnings. In fact, the document states that a Form W-2 was issued for the 1986 tax year, thereby implying petitioner received some *597 amount of taxable income from the USAR during the year at issue. Thus, petitioner has failed to overcome respondent's presumption of correctness. Accordingly, we sustain respondent on this issue. Schedule C Expenses
During 1986 and 1987, petitioner was employed by the Los Angeles Unified School District as a full-time junior high school teacher. Such employment required petitioner to be present at the school between the hours of 7 a.m. and 3 p.m. Moreover, petitioner often spent the evenings and weekends completing paperwork related to his teaching functions. In addition to teaching, petitioner contends he was engaged in the electronics/electrical repair business during 1986, and in the real estate brokerage/appraisal business during 1986 and 1987. Petitioner claimed losses from those activities on his Schedule C for such years, which respondent disallowed on the grounds that the activities did not constitute a bona fide trade or business entered into for profit and, alternatively, that the expenses claimed are unsubstantiated. During childhood, petitioner became interested in electronics and electrical repair. In furtherance of this interest, petitioner received electronics *598 training while enlisted in the military via military training and correspondence courses. Moreover, in 1983, petitioner enrolled in an industrial electricity certificate program at Chaffey Community College so as to hone his electrical repair skills. Additionally, in 1986, petitioner was an electronic repair supervisor in the USAR responsible for the repair of radios, telephones, and communication gear. After completion of the certificate program at Chaffey Community College in 1985, petitioner decided to start an electronic/electrical repair business and began soliciting customers by "word of mouth". Petitioner did not advertise his services, keep client records, or maintain an inventory of parts. Although petitioner claimed he purchased electronic testing equipment for his activity, he presented no evidence of such purchases. He had no set fee schedule, but expected people to bring him small appliances for repair nevertheless. Additionally, petitioner was not a State-licensed electrician. On his 1986 return, petitioner reported no income and expenses totaling $ 2,050 from this activity. With respect to petitioner's real estate activity, petitioner became a California licensed *599 real estate broker in 1985. Upon receipt of his broker's license, petitioner performed a few real estate appraisals on a part-time basis. In 1986, to establish himself as a credible real estate appraiser, petitioner performed several appraisals at no charge. Petitioner did not advertise for clients or listings. From this record, it is also unclear whether petitioner participated in the multiple listing service (MLS) for brokers; however, petitioner did not acquire any real estate listings for the years at issue. For 1986, petitioner reported no income and expenses totaling $ 700; and for 1987, he reported income of $ 150 from an appraisal and expenses totaling $ 3,556 from his real estate activity. We must decide whether petitioner properly claimed business expense deductions for his electronic/electrical repair activity or real estate activity. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving he is entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Section 162 permits a deduction for all ordinary and necessary expenses paid or incurred in *600 carrying on a trade or business. A trade or business is an activity which is pursued full time, in good faith, with regularity, and for the production of income. Commissioner v. Groetzinger, 480 U.S. 23, 25 (1987); Oskay v. Commissioner, T.C. Memo. 1992-179. Whether the taxpayer is engaged in a trade or business is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). Petitioner failed to present sufficient evidence that he was engaged in a trade or business with respect to either his electrical repair activity or real estate appraisal activity. There is no evidence in the record of an organized, businesslike attempt to engage in either activity for profit. Petitioner presented no business records, advertisements, receipts, or evidence of long-range planning for either activity. Ashe v. Commissioner, T.C. Memo. 1967-169. Although petitioner testified he had fliers advertising "J.T. Orr, Broker/Appraiser" and a checking account at the Sanwa Bank under the *601 same name, he failed to present any printing receipts, canceled checks, or bank records. [3]Oskay v. Commissioner, supra.Petitioner's electrical repair activity appears to be more of a hobby -- an activity of an individual who has a love of tinkering with electronic gadgets. At best, petitioner's real estate activities reflect an intent to engage in that business in the future, but do not attain the level of a business in 1986 or 1987. Accordingly, we sustain respondent's determination on these issues. Miscellaneous Deductions and Employee Business Expenses
Respondent disallowed miscellaneous deductions claimed on petitioner's 1986 and 1987 tax returns and employee business expenses claimed on petitioner's 1986 tax return. After a concession by petitioner pertaining to sales tax claimed on his 1986 return, the remaining expenses at issue are for education (including teaching *602 credentials), uniforms, and legal fees. 1. Education Expenses
During 1986 and 1987, petitioner was employed by the Los Angeles Unified School District pursuant to an emergency teaching credential. [4] Such credential permitted petitioner to teach although he had not fulfilled the requirements of a clear (i.e. regular) teaching credential. Cal. Educ. Code sec. 44254 (West 1978); 1986 Cal. Stat. ch. 989, sec. 4. [5] To receive the emergency credential, petitioner was required to be enrolled in an approved course of study. During 1986 and 1987, petitioner was enrolled in an accredited teaching credential program at the California State University at Los Angeles. In addition, he also took classes pursuant to the program at California State University at Dominguez Hills. Petitioner claimed deductions for the tuition, books and supplies, and travel expenses associated with attending the program. *603 Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Although this section does not explicitly mention expenditures for education, section 1.162-5, Income Tax Regs., provides objective tests for determining whether such expenditures are deductible. Diaz v. Commissioner, 70 T.C. 1067, 1073 (1978); Taubman v. Commissioner, 60 T.C. 814, 817 (1973). Generally, this regulation provides that educational expenses are deductible if the education maintains or improves the skills required by the individual in his or her employment or other trade or business or meets the express requirements of the employer. Sec. 1.162-5(a), Income Tax Regs. Educational expenditures which are incurred to meet the minimum educational requirements for qualification in a taxpayer's trade or business or which qualify the taxpayer for a new trade or business are nondeductible personal expenditures. Diaz v. Commissioner, supra at 1074; Sec. 1.162-5(b), Income Tax Regs. "The minimum educational requirements for qualification *604 of a particular individual in a position in an educational institution is the minimum level of education (in terms of aggregate college hours or degree) which under the applicable laws or regulations, * * * is normally required of an individual initially being employed in such position." Sec. 1.162-5(b)(2)(ii), Income Tax Regs. If the education qualifies the taxpayer to perform significantly different tasks and activities then he or she could perform prior to the education, then the education qualifies him or her for a new trade or business. Glenn v. Commissioner, 62 T.C. 270 (1971); Weiszmann v. Commissioner, 52 T.C. 1106 (1969), affd. 443 F.2d 29 (9th Cir. 1971). Pursuant to the California Education Code, a baccalaureate degree (in an approved course of study) and a fifth year of study to be completed within 5 years of employment are part of the requisites for obtaining a teaching credential in the public elementary and secondary schools. [6] *607 See Cal. Educ. Code sec. 44259 (West 1992 Supp.). However, emergency credentials may be issued to persons who have a minimum of 90 semester units toward *605 a baccalaureate degree from an accredited institution if there are insufficient certified teachers. [7] See Cal. Educ. Code secs. 44254 (West 1978) and 44254.5 reprinted in 1986 Cal. Stats. ch. 989, sec. 4. Under these circumstances a baccalaureate degree is considered the minimum educational requirement for qualification as a teacher. In fact, the regulations have a parallel example, section 1.162-5(b)(2)(iii)Example (1), Income Tax Regs., which provides: State X requires a bachelor's degree for beginning secondary school teachers which must include 30 credit hours of professional educational courses. In addition, in order to retain his position, a secondary school teacher must complete a fifth year of preparation within 10 years after beginning his employment. If an employing school official certifies to the State Department of Education that applicants having a bachelor's degree and the required courses in professional education cannot be found, he may hire individuals as secondary school teachers if they have completed a minimum of 90 semester hours of college work. However, to be retained in his position, such an individual must obtain his bachelor's degree and *606 complete the required professional courses within 3 years after his employment commences. Under these facts, a bachelor's degree, without regard to whether it includes 30 credit hours of professional educational courses, is considered to be the minimum educational requirement for qualification as a secondary school teacher in State X. * * * *608 Accordingly, petitioner, who has already obtained a baccalaureate degree, has met the minimum educational requirements for qualification as an elementary or secondary school teacher in the State of California. Therefore, the educational costs incurred to meet additional requirements of the employer are deductible. Petitioner has submitted a tuition schedule from California State University, a copy of his school transcript, and a tuition payment receipt from which we can estimate the amount petitioner spent for tuition. Thus, we allow petitioner to deduct expenses for tuition in the amount of $ 738 for each of the years 1986 and 1987. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner has not presented any evidence, other then his testimony, as to the amounts spent for books and supplies. However, we believe that petitioner did in fact spend some amount on these items. Accordingly, we allow petitioner to deduct $ 300 for books and supplies for each of the taxable years 1986 and 1987. Although petitioner did incur some auto expenses in 1986 and 1987 which were associated with attending the teacher's credential program at California *609 State University, petitioner has failed to present any records, such as a mileage log, which establish the amount of allowable business auto expenses. For tax years beginning after December 31, 1985, we are precluded from estimating deductions for local use of vehicles. Walker v. Commissioner, T.C. Memo. 1992-416. Section 274(d)(4) provides that no deduction is allowable with respect to any listed property unless certain substantiation rules are met. Listed property, as defined in section 280F(d)(4)(A)(i), includes any passenger automobile. Petitioner has not met these requirements. Accordingly, no deduction for transportation is allowable. Petitioner claimed deductions for teaching credentials required by the State of California. Respondent disallowed the deductions. Petitioner presented copies of his teaching credentials. We conclude that the amounts paid for teaching credentials are deductible under section 162. Collins v. Commissioner, T.C. Memo. 1979-137. Applying the rule of Cohan v. Commissioner, supra, we allow petitioner to deduct $ 120 for teaching credentials in 1986 *610 and $ 40 for teaching credentials in 1987. 2. Uniforms
During 1986 petitioner became commandant of cadets of the California Cadet Corps. The California Cadet Corps is a school program, in lieu of physical education class, sponsored by the adjutant general of the California National Guard. In order to instruct in the program, petitioner was required to wear certain uniforms. Additionally, petitioner claimed deductions for uniforms purchased for his service in the USAR. Petitioner claimed deductions in 1986 and 1987 for the cost and maintenance of the uniforms. Respondent disallowed the deductions for such uniforms. Petitioner has not established that the uniforms purchased for his services in the USAR are deductible. Rule 142(a); sec. 1.262-1(b)(8), Income Tax Regs. On the other hand, based on the record before us, we conclude that the uniforms purchased to enable petitioner to teach in the California Cadet Corps program satisfy the tripartite test for deductibility set forth in Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). Accordingly, we determine that the cost (and maintenance) of the cadet uniforms purchased in 1986 qualify as *611 a deductible business expense. Once again, we are permitted to estimate the amounts expended on the uniforms and, therefore, allow petitioner to deduct $ 150 for 1986. 3. Legal Fees
Petitioner claimed legal fees in 1987 in connection with casualties arising in 1986 and 1987. Petitioner testified that the legal fees were incurred pursuant to his efforts to receive reimbursement from his insurance company for damages sustained in the alleged automobile accidents. [8] Respondent disallowed the deduction. Section 212 provides that an individual may deduct all the ordinary and necessary expenses, including legal fees, paid or incurred during the taxable year for the production or collection of income, if such income will be taxable *612 when received. Sec. 1.212-1(a)(1), Income Tax Regs. Moreover, such expenses must also be ordinary and necessary, and therefore must be reasonable in amount and bear a proximate relation to the production or collection of taxable income. Sec. 1.212-1(d), Income Tax Regs.
Normally, damages from accidents would involve recovery of a loss and not collection of income. Legal fees would be a reduction of the recovery, and not a section 212 deduction. Based on this record we have no way to determine whether any legal expense was ordinary and necessary for the production or collection of taxable income. Moreover, even if we were to determine that such expense was ordinary and necessary and that any recovery would be taxable, petitioner has failed to substantiate any expense. Indeed, some of the litigation is ongoing. See infra. Accordingly, we sustain respondent. Casualty Loss Deductions
For the taxable year 1986, petitioner claimed a deduction for a casualty loss in the amount of $ 6,941, allegedly resulting from an automobile accident. For the taxable year 1987, petitioner also claimed a deduction for casualty losses totaling $ 547, resulting from two separate thefts *613 and an automobile accident. Respondent disallowed the casualty loss deductions, determining that petitioner has not established that he is entitled to such deductions. Section 165 allows a deduction for any loss sustained during the taxable year, and not compensated for by insurance or otherwise. Section 165(h) provides that the loss must exceed $ 100 and that the net casualty loss is allowable only to the extent it exceeds 10 percent of adjusted gross income. Such loss, as limited by section 165(h), is the lesser of the adjusted basis of the property or the decrease in fair market value of the property before and after the casualty. Sec. 1.165-7(b)(1), Income Tax Regs. Moreover, the loss is allowed as a deduction only in the taxable year in which the loss is sustained. Sec. 1.165-1(d)(1), Income Tax Regs. If the loss is not covered by a claim for reimbursement, it is deductible for the taxable year in which it occurs. Sec. 1.165-1(d)(2)(ii), Income Tax Regs. If, however, there exists a claim for reimbursement for which there is a reasonable prospect of recovery, no portion of the loss is deductible until it can be ascertained with reasonable certainty whether or not such *614 reimbursement will be received. Wayno v. Commissioner, T.C. Memo. 1992-53; Sec. 1.165-1(d)(2)(i), Income Tax Regs.
Petitioner again has failed to sustain his burden of proof. The only evidence presented to prove that either the car accidents or thefts occurred was the testimony of petitioner himself. There were no documents of any nature which would indicate the time and place of the accidents or thefts (such as a police report or insurance claim), the cause of the accidents, the value of the car or the property, or the extent of the damage to the automobiles. Erdman v. Commissioner, T.C. Memo. 1972-22. Moreover, petitioner testified that there still was a lawsuit pending regarding the 1986 accident, and, therefore, it cannot be ascertained with reasonable certainty that such loss will not be recovered or the amount of loss sustained. We hold that petitioner is not entitled to any casualty loss deductions for 1986 and 1987. Additions to Tax
Respondent determined additions to tax for negligence for the taxable years 1986 and 1987. Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment *615 of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax of 50 percent of the interest due on that portion of an underpayment attributable to negligence. Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner also has the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner has failed to demonstrate that he was not negligent or that he had a reasonable basis for not reporting all his income or for claiming any of the deductions the disallowance of which has been sustained by the Court. Accordingly, we hold for respondent. To reflect the above, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Adjustments to the amount of deductible medical expenses are computational and are dependent upon the resolution of the other issues.↩
3. Throughout the record, petitioner claimed a number of thefts, none of whch were corroborated.↩
4. Although petitioner had a baccalaureate degree, he had not participated in an approved program of professional preparation and, therefore, did not qualify for a regular teaching credential.↩
5. Hereinafter, 1986 Cal. Stat. ch. 989, sec. 4, is referred to as Cal. Educ. Code sec. 44254.5↩.
6. California Education Code sec. 44259 (West 1978) provides that the minimum requirements for a teaching credential, except for designated subjects, are: (a) A baccalaureate degree or higher degree, except in professional education, from an approved institution. (b) A fifth year of study to be completed within five years from the date of issuance of the preliminary credential. (c) An approved program of professional preparation. (d) Passage of a subject matter examination or its waiver as specified in this chapter. (e) Demonstration of a knowledge of the various methods of teaching reading, to a level deemed adequate by the commission, by successful completion of a program of study approved by the commission or passage of a commission-approved reading examination. This subdivision does not apply to any candidate for a single subject instruction credential who holds a degree in industrial arts, physical education, music, art, or home economics.↩
7. California Education Code sec. 44254 (West 1978) provides, in part: Emergency credentials may be issued in accordance with regulations adopted by the commission. The terms, reasons, and justification for the issuance of such credentials shall be regularly reported to the Legislature, as well as their number, kind, and other pertinent information. Emergency credentials shall only be authorized when insufficient certified teachers are available. An emergency credential may not be issued unless the holder has completed at least 90 semester units of college work. California Education Code Sec. 44254.5, effective July 1, 1987, provides in part: (a) Commencing July 1, 1987, any person who does not hold a valid California teaching credential that requires a baccalaureate degree is required to pass the appropriate subject matter competency examination or examinations * * * before he or she may be initially issued an emergency multiple or single subject teaching credential, except a 30-day emergency substitute teaching credential authorizing him or her to teach a subject * * *. Subsequent to the years at issue, secs. 44254 and 44254.5 were repealed and replaced with Cal. Educ. Code sec. 44300↩ (West Supp. 1992).
8. Part of the deduction claimed may also involve discussions with an attorney in connection with the real estate activity. There was no substantiation of such an expense, and, even if substantiated, no deduction would be allowable pursuant to the discussion of the activity, supra↩.