LYNN J. HOLMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holmes v. Commissioner
Docket No. 19050-92
United States Tax Court
T.C. Memo 1993-387; 1993 Tax Ct. Memo LEXIS 395; 66 T.C.M. (CCH) 516; August 25, 1993, Filed *395 Decision will be entered for respondent. Lynn J. Holmes, pro se. For respondent: Linette Angelastro. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 683, plus a penalty under section 6662(a) in the amount of $ 136.60. The issues for decision are: (1) Whether petitioner is entitled to deduct various Schedule C expenses for the taxable year 1989; and (2) whether petitioner is liable for the penalty under section 6662(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided *396 in Los Angeles, California. Petitioner bears the burden of showing respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Schedule C Expenses
In 1982, petitioner received a Ph.D. in biology with a subspeciality in arachnids (spiders). Due to a poor job market, petitioner has been unable to obtain a permanent faculty position. Thus, since 1982, petitioner has held various jobs, many of them unrelated to her field of study. During 1989, petitioner was employed by various employers, from which she received wages totaling $ 14,648.75. [2] *397 In addition, petitioner was engaged in various activities which she called "consulting, writing, personal asst., etc." on her Schedule C. Petitioner testified that such activities consisted of working as a scientific consultant on the film "Arachniphobia", [3] acting as a personal assistant to her ill mother, and writing a play with her mother about the latter's impending death. (We note that respondent has not raised any questions regarding section 183.) Petitioner reported gross receipts in the amount of $ 2,828, [4] and claimed expenses in the amount of $ 7,119.90 on her 1989 Schedule C with respect to the various activities. In the notice of deficiency, respondent disallowed $ 2,198 for car expenses, $ 1,189 for interest expense, and $ 1,148 for rent on business property based on lack of substantiation. We must decide whether petitioner properly claimed various business expense deductions *398 for such activities. Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving that she is entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). If certain claimed deductions are not adequately substantiated, we may be permitted to estimate them when we are convinced from the record that the taxpayer has incurred such expenses and we have a basis upon which to make an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). 1. Car Expenses
Petitioner claimed $ 2,197.85 on her 1989 Schedule C for car expenses. Petitioner testified that her automobile was used for both personal and business use, but that she only claimed expenses attributable to the business use of the automobile, based on an estimated 10,000 business miles. According to petitioner, such business use consisted of driving incurred with respect to her activity as personal assistant to her mother, including driving to and from her mother's home, driving to and from job *399 interviews, and driving to and from the studio for her consulting work on "Arachniphobia". For tax years beginning after December 31, 1985, we are precluded from estimating deductions for local use of vehicles. Walker v. Commissioner, T.C. Memo. 1992-416. Section 274(d)(4) provides that no deduction is allowable with respect to any listed property unless certain substantiation rules are met. Listed property, as defined in section 280F(d)(4)(A)(i), includes any passenger automobile. Petitioner must substantiate the amount of each separate expenditure (i.e., repairs and gasoline), the amount of business and total use (i.e., mileage) of the car, the date of the expenditure or use, and the business purpose for the expenditure or use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Although petitioner presented repair bills which indicate that she drove approximately 15,000 miles during 1989, petitioner has failed to present any records, such as a mileage log, which would establish the portion of the mileage which is attributable to her alleged business activities. Moreover, based on this *400 record, it appears that a significant portion of her purported business use of her automobile was for nondeductible commuting. Accordingly, as petitioner has failed to meet the stringent substantiation requirements of section 274, we sustain respondent on this issue. 2. Interest Expense
Petitioner claimed $ 1,189.32 for interest expense on her 1989 Schedule C. Such amount consisted of $ 537.85 representing 54 percent of the interest incurred on five bank credit cards, a portion of the annual fee for such bank cards in the amount of $ 60, and $ 591.47 as interest on student loans incurred to obtain her Ph.D. in biology. With respect to the amounts claimed by petitioner for bank card interest and fees, petitioner testified that she was unsure of which actual purchases the interest pertained to, as they were made in previous years, although she believed them to be for computer supplies. Thus, petitioner has failed to prove that this interest pertained to her business activities and was not personal. Therefore, this amount is not deductible under section 162. In addition, petitioner claimed $ 591.47 in interest on student loans incurred to obtain her Ph.D. in biology. *401 Petitioner contends that such interest is deductible as a business expense because her "long-term ability to earn a living in the field I've chosen is dependent on my doctorate degree, and some of the activities that I began in [1989] * * * were directly related to having a doctorate degree." Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. In order for the interest on the student loan to be considered a business expense, the educational costs themselves must be deductible business expenses. Furthermore, the loan proceeds must have been used for deductible educational expenses and not personal expenditures such as food and lodging. Suffice it to say that petitioner has not proven either of these elements. Although section 162 does not explicitly mention expenditures for education, section 1.162-5, Income Tax Regs., provides objective tests for determining whether such expenditures are deductible. Diaz v. Commissioner, 70 T.C. 1067, 1072-1073 (1978); Taubman v. Commissioner, 60 T.C. 814, 817 (1973). Generally, this regulation *402 provides that educational expenses are deductible if the education maintains or improves the skills required by the individual in his or her employment or other trade or business or meets the express requirements of the employer. Sec. 1.162-5(a), Income Tax Regs. However, educational expenditures are nondeductible if they are made for education which is part of a program of study which will lead to qualifying the taxpayer for a new trade or business. Baist v. Commissioner, T.C. Memo. 1988-554; sec. 1.162-5(b)(3), Income Tax Regs.
At trial, petitioner failed to testify with respect to any trade or business she was engaged in either prior to or during her course of study for her Ph.D. in biology. Petitioner has failed to show how the courses taken by her to obtain her Ph.D. maintained or improved the skills required in her then trade or business, if any. Rather, based on petitioner's sketchy testimony, the Ph.D. was necessary for the type of work which she hoped to obtain -- writing scientific articles, consulting, and teaching. In other words, the loans and interest thereon, were incurred to further education in order to obtain a new trade or business. *403 Therefore, such interest is not deductible under section 162(a). Accordingly, we sustain respondent on this issue. [5]
3. Rent on Business Property
Petitioner claimed $ 1,148 for rent on business property on her 1989 Schedule C. The amount claimed is a portion *404 of the rent and utilities paid by petitioner for her residential apartment. Respondent does not dispute the amount claimed, but contends that petitioner does not meet the requirements of section 280A. Petitioner testified that her apartment consisted of a living room, bedroom, kitchen, and bathroom, and that each of the primary rooms was approximately the same size. Petitioner further testified that she used the living room exclusively for writing articles, stories, and proposals. Petitioner testified that the living room contained a desk, file cabinets, book shelves, easy chair, lamp, stereo, and pictures, but contained neither a couch nor television. Moreover, petitioner testified that she lived alone and did not entertain family or friends in the living room. Section 280A(a), in general, denies deductions with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. However, section 280A(c) permits the deduction of expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as "the principal place of business for any trade or business of the taxpayer". Thus, to qualify under section *405 280A(c) for a home office deduction, petitioner must establish that a portion of her dwelling is (1) exclusively used, (2) on a regular basis, and (3) as the principal place of business for her trade or business. Hamacher v. Commissioner, 94 T.C. 348 (1990). However, section 280A(c)(5) limits the amount of deductions to the excess of the gross income derived from the use of the home office over the deductions allocable to the home office which are otherwise allowable. Although we believe that petitioner used the living room exclusively for her writing activities, we are unable to determine any gross income earned in 1989 from such activities. Her income as wages was attributable to performing various secretarial services or as consultant on the movie, all of which was done outside of the residence. Her nonwage income reported on Schedule C consisted of $ 1,800 from her mother for service rendered outside of the residence and $ 200 for a seminar given for Target. This record does not justify a conclusion that the home office was used in connection with the seminar, and no income was derived from the stated use of "writing articles, stories and proposals." *406 Accordingly, even if we were to find that the living room was used exclusively by petitioner in a business activity, no deduction would be allowable because of the limitation imposed by section 280A(c)(5). Moreover, the amount claimed for use of the home office as an employee business expense (such as, perhaps, in connection with the film) should have been claimed on Schedule A subject to the limitations of sections 67 and 280A(c)(5). However, as discussed previously, petitioner's standard deduction exceeds her itemized deductions. Accordingly, we sustain respondent on this issue. Addition to Tax
Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment which is attributable to negligence or disregard of rules and regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless or intentional disregard. Petitioner has the burden of proof on this issue. Rule 142(a). Based on this record, petitioner has failed to demonstrate that she was not negligent. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will *407 be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The following is a schedule of petitioner's 1989 employers and the amount of wages reported on the corresponding Form W-2: Employer
Wages Word Processors Personnel SVC LA
$ 6,473.75
Los Angeles Unified School District
1,375.00
Eastern Producers Payments, Inc.
1,250.00
UC, Los Angeles
5,550.00
In addition, petitioner received a Form W-2 from Janway Employment Agency, Inc., which reported wages in the amount of $ 828, but such amount was included on petitioner's Schedule C.↩
3. However, petitioner received a Form W-2 from Eastern Producers Payments, Inc., for such income. Such amount was not included on petitioner's Schedule C, but rather, was included on line 7 of petitioner's return.↩
4. The following schedule lists the source, activity, and the amount of the income reported on petitioner's Schedule C. ↩
Source
Activity
Amount
Janway Employment Agency Inc.
secretarial
$ 828
Helen Justyne Allen (mother)
personal assistant
1,800
Target
seminar
200
5. The interest claimed by petitioner for her bank cards and student loans constitutes personal interest, the deduction of which on Schedule A would be limited under the phase-out provision of sec. 163(h)(5). Sec. 163(h)(5) provides that for any taxable year beginning in calendar years 1987 through 1990, the amount of personal interest that is disallowed under sec. 163 is equal to the applicable percentage of such amount. The applicable percentage for 1989 is 80 percent. See sec. 1.163-9T(c), Temporary Income Tax Regs., 52 Fed. Reg. 48410↩ (Dec. 22, 1987). However, petitioner did not itemize because her standard deduction exceeded her itemized deductions; therefore, she would not be entitled to deduct any personal interest.