T.C. Memo. 2016-100

UNITED STATES TAX COURT

EMMANUEL A. SANTOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5864-14.                          Filed May 17, 2016.

Emmanuel A. Santos, for himself.

Nicholas R. Rosado, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  On December 11, 2013, the respondent (referred to here as the "IRS") issued a notice of deficiency to the petitioner, Emmanuel A. Santos, determining an income-tax deficiency of $3,423 for the 2010 taxable year.

[*2] Santos timely filed a petition under section 6213(a)[1] for redetermination of the deficiency. We have jurisdiction under section 6214(a). The only issue remaining for decision is whether Santos is entitled to deduct his law school tuition and fees of $20,275. We hold that he is not.

## FINDINGS OF FACT

The parties stipulated some facts, and they are so found. Santos resided in California at the time he filed the petition.[2]

Santos earned a bachelor's degree in accounting.[3] In 1990, he began working as a tax-return preparer. In 1995, he became an "enrolled agent", a person authorized to represent taxpayers before the IRS. In 1996, Santos earned a master's degree in taxation. He began offering other services to his clients, including accounting and financial planning.

---

[1]All references to sections are to sections of the Internal Revenue Code of 1986, as amended, in effect for the 2010 taxable year.

[2]Therefore, an appeal of our decision in this case would go to the U.S. Court of Appeals for the Ninth Circuit, see sec. 7482(b)(1), unless the parties designate the Court of Appeals for another circuit, see id. para. (2).

[3]On brief, Santos claims that his degree was awarded in May 1989 by Indiana University (Bloomington), but we are unable to confirm the veracity of this claim on the record.

**[\*3]**   At some point Santos enrolled in law school.[4]  He was attending law school in 2010.  During that year, he paid tuition and fees of $20,275.  He graduated from law school in 2011.  In July 2011, he took the California bar examination.  The record does not reveal whether this was the only time he took the bar examination.  In December 2014, he was admitted to the State Bar of California and admitted to practice before the U.S. Tax Court.

In 2015, Santos started a law firm, Santos and Santos Law Offices, LLP, with his father.  The firm performs multiple services including legal representation, tax planning, accounting, and financial planning.

Santos timely filed his federal income tax return for the 2010 taxable year (on a Form 1040).  He attached a Schedule C ("Profit or Loss From Business") to his Form 1040 for the "business or profession" of "tax and financial planning".  On his Schedule C, Santos deducted expenses of $119 for laundry and cleaning, $3,603 for license and permits, $8,755 for dues and subscriptions, $1,934 for continuing education, and $20,275 for law school tuition and fees.

In the notice of deficiency the IRS allowed deductions of zero for laundry and cleaning expenses, $2,850 for license and permits expenses, $7,381 for dues

---

[4]On brief, Santos claims that he attended John F. Kennedy University College of Law, but we are unable to confirm the veracity of this claim on the record.

**[*4]** and subscription expenses, $1,934 for continuing education expenses, and zero for law school tuition and fees expenses.

At trial the parties agreed that the correct deductible amounts of these expenses were zero for laundry and cleaning, $3,150 for license and permits, and $8,627 for dues and subscription. Whether Santos is entitled to a deduction of $20,275 for his law school tuition and fees remains at issue.

OPINION

As the taxpayer, Santos has the burden of proof. See Tax Ct. R. Prac. & Proc. 142(a); sec. 7491(a) (imposing the burden of proof on the IRS under conditions not shown by Santos to be satisfied).

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 provides that no deduction is allowed for personal, living, or family expenses. Expenditures made by a taxpayer in obtaining or furthering his or her education are considered personal expenses and are not deductible unless they qualify as a deduction under section 162 and the accompanying regulations. Sec. 1.262-1(b)(9), Income Tax Regs. Section 1.162-5(a), Income Tax Regs., permits a deduction for education expenses that (1) maintain or improve skills required by the taxpayer in his or her employment or (2) meet the express requirements of the

[*5] taxpayer's employer, or of applicable law or regulations, imposed as a condition to the retention by the taxpayer of an established employment relationship, status, or rate of compensation. Section 1.162-5(b)(1), Income Tax Regs., provides that two types of educational expenses are not deductible. One type is expenses for education that is part of a program of study which will lead to qualifying the taxpayer for a new trade or business. Id. subpara. (3)(i). The regulation gives the following example of the expenses of this type: "A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business." Id. subdiv. (ii), Example (1). Courts have held that a law degree qualifies a law student for a new trade or business (the business of being an attorney) and that thus the cost of a law degree is a nondeductible educational expense as set forth in the regulation. Melnik v. United States, 521 F.2d 1065, 1065 (9th Cir. 1975) (IRS field agent could not deduct cost of law degree because the degree qualified him for a new trade or business); O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974) (certified public accountant could not deduct cost of law degree, even though he undertook the education to improve his

**[*6]** accounting and tax skills and never intended to engage in the practice of law), aff'd without published opinion, 519 F.2d 1406 (7th Cir. 1975); Taubman v. Commissioner, 60 T.C. 814, 819 (1973) (accountant could not deduct cost of law degree because the degree qualified him for a new trade or business); Weiler v. Commissioner, 54 T.C. 398, 401-402 (1970) (cost of legal education was not deductible by IRS agent, even if the agent remained in his same position or limited his future work to tax accounting or tax law).  Therefore Santos's law school tuition and fees are not deductible.

Santos challenges the validity of the regulation in question.  The Treasury Department promulgated section 1.162-5, Income Tax Regs., in 1967, 32 Fed. Reg. 6679 (May 2, 1967), after having published the regulation in proposed form in 1966, 31 Fed. Reg. 12843 (Oct. 1, 1966).  Shortly after the Treasury promulgated the regulation, the Tax Court held that the regulation was valid, and the Court of Appeals for the Ninth Circuit affirmed.  Weiszmann v. Commissioner, 52 T.C. 1106, 1111-1112 (1969), aff'd, 443 F.2d 29 (9th Cir. 1971).  Although the Court of Appeals's opinion did not separately discuss the validity of the regulation, it stated:  "We approve the Tax Court opinion".  Weiszmann v. Commissioner, 443 F.2d at 30.

**[\*7]** Our Opinion in <u>Weiszmann</u>--holding that the regulation is valid--is binding precedent. Furthermore, the Tax Court is bound by the precedent of the Court of Appeals for the circuit to which our cases are appealable. <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971). Therefore, the Court of Appeals's affirming opinion in <u>Weiszmann</u> is also binding. Because binding precedent holds that the regulation is valid, we decline to reconsider the validity of section 1.162-5, Income Tax Regs.

We recognize that the tests for determining whether a regulation is valid today are different from those of the <u>Weiszmann</u> era. And we recognize that precedent may lose its force when the underlying law upon which the precedent was based has changed. <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 173 (1989). However, we see no such change that would justify deviating from the <u>Weiszmann</u> precedent. In <u>Weiszmann</u> we determined that the regulation was consistent with the "statutory law" and was not "arbitrary". <u>Weiszmann v. Commissioner</u>, 52 T.C. at 1111. This is similar to the test employed by the U.S. Supreme Court in 2011 in <u>Mayo Found. for Med. Educ. & Research v. United States</u>, 562 U.S. 44 (2011). In <u>Mayo Found.</u>, the Supreme Court held that a tax regulation was valid because Congress had not "directly addressed the precise question at issue", <u>id.</u> at 52 (quoting <u>Chevron, U.S.A., Inc. v. Natural Res. Def.</u>

**[\*8]** <u>Council, Inc.</u>, 467 U.S. 837, 843 (1984)), and because the regulation was a "reasonable interpretation of the enacted text", <u>id.</u> at 57.[5]

Santos urges us to employ various other tests to hold that the regulation is invalid. We decline to reconsider <u>Weiszmann</u> on these additional grounds. First, it is questionable that the additional tests that Santos cites should govern the 1967 education-expense regulation. Santos argues that the Treasury Department failed to adequately respond to the comments from the public about the regulation in its proposed form, relying on <u>Altera Corp. & Subs. v. Commissioner</u>, 145 T.C. __, __ (slip op. at 65) (July 27, 2015), which held that a regulation under section 482 was invalid because, in promulgating the regulation, the Treasury did not "adequately respond to commentators". <u>Altera</u> in turn relied upon <u>Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983), which held that in adopting a rule an agency must "examine the relevant data". <u>Altera</u> is

_____

[5]In <u>Mayo Found. for Med. Educ. & Research v. United States</u>, 562 U.S. 44, 57 (2011), the Supreme Court considered whether a particular tax regulation, that, like sec. 1.162-5, Income Tax Regs., was issued under the authority of sec. 7805(a) (granting authority to the Treasury Department to prescribe "all needful rules and regulations for the enforcement" of the Internal Revenue Code), should be examined under the test employed in <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984), or should instead be examined under the test employed in <u>Nat'l Muffler Dealers Ass'n, Inc. v. United States</u>, 440 U.S. 472 (1979). <u>Mayo Found.</u> held that the regulation in question in that case should be examined under the <u>Chevron</u> test. <u>Id.</u>

[*9] distinguishable. <u>Altera</u> held that the validity of the regulation in the particular circumstances of that case hinged on an "empirical determination" and "in no way depends on * * * [Treasury's] interpretation of section 482 or any other statute." <u>Altera Corp. & Subs. v. Commissioner</u>, 145 T.C. at __ (slip op. at 46). By contrast, the education-expenses regulation is an interpretation of sections 162 and 262. <u>See</u> <u>Taubman v. Commissioner</u>, 60 T.C. at 817.[6] Second, Santos did not raise his theories that the regulation was invalid until after trial. As a result, neither the trial record nor the court papers in this case contain any information regarding the public's comments to the regulation in question. Without knowing what the public comments were, it seems difficult, if not impossible, for the Court to evaluate the adequacy of the Treasury Department's response to the public comments when it promulgated section 1.162-5, Income Tax Regs.

In reaching our holdings, we considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

---

[6]Santos also argues that the 1967 regulation violates the Regulatory Flexibility Act of 1980, 5 U.S.C. secs. 603-605 (2012). That Act requires an agency to consider the effect of regulatory action on small businesses when promulgating regulations that may affect small businesses. 5 U.S.C. secs. 603(a), 604(a), 605(b). But the Act by its own terms applies only to regulations promulgated after 1980. Pub. L. No. 96-354, sec. 4, 94 Stat. at 1170 (1980).

**[*10]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Tax Court Rule of Practice and</u>

<u>Procedure 155</u>.